MICHAEL K. JEANES
Clerk of the Superior Court
By Shian Smith, Deputy
Date 02/17/2012 Time 15:16:07
Description                          Amount
-------- CASE# CV212-004210 ---------
CIVIL NEW COMPLAINT              301.00
----------------------------------------
TOTAL AMOUNT                    301.00
             Receipt# 21968262

1    *Law Offices of*
     *LUIS P. GUERRA, L.L.C.*
2    *5500 N. 24ᵗʰ Street*
     *Phoenix, Arizona 85016*
3    *(602) 381-8400*
     *Luis P. Guerra, #015768*
4    *David C. Shapiro, #028056*
     *Attorneys for Plaintiff*

5

6

7              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
               IN AND FOR THE COUNTY OF MARICOPA
8

9    DAVID DOMINGUEZ MENDOZA,          )   No. CV CV 2 0 1 2 - 0 0 4 2 1 0
     individually and as the natural father and )
     next friend for and on behalf of his )
10   natural child,                      )
                 a minor,                )   **COMPLAINT**
11                                       )
                 Plaintiff,              )
12                                       )
     v.                                  )   **(Tort Non-Motor Vehicle)**
13                                       )
     CITY OF PEORIA, a municipality, by  )
14   and through its Police Department, an )
     Agency of the City of Peoria; CITY OF )   **(Jury trial requested)**
15   PEORIA POLICE DEPARTMENT, an        )
     Agency of the City of Peoria; DOES I )
16   through XX, inclusive; ABC          )
     PARTNERSHIPS I through XX,          )
17   inclusive; and BLACK               )
     CORPORATIONS I through XX,          )
18   inclusive,                          )
                                         )
19               Defendants.             )
                                         )
20

21   **COME NOW** the Plaintiffs above-named, by and through their attorney Luis P. Guerra,

22   LLC, and for their causes of action, and claims for relief against the Defendants, and each of

23   them, allege as follows:

24
                         **FIRST CLAIM FOR RELIEF**
25
                         **(David Dominguez Mendoza)**
26

                                  **I.**

That Plaintiff David Mendoza brings this action individually, and as natural father and next friend, on behalf of his minor child, Plaintiff

## II.

That Plaintiff David Mendoza is the natural father of the minor Plaintiff .

## III.

That the acts herein complained of occurred in the State of Arizona. At all times material hereto, Plaintiffs resided in the State of Arizona.

## IV.

Defendants City of Peoria is a municipality in Maricopa County, Arizona and Defendant City of Peoria Police Department is the Police Department of the City and was organized, existing and operating under and by Arizona State law pursuant to the authority granted to the City.

## V.

That Defendant City of Peoria is a municipality and a political and corporate body of Arizona and a political subdivision and municipality of the State of Arizona and that Peoria Police Department (hereinafter PPD) is an Administrative Agency of the City of Peoria and is organized, existing and operating under and pursuant to the City of Peoria's authority and under and by Arizona state law. Together Defendants are the entities responsible for all the acts and omissions of its employees hereinafter complained.

## VI.

That the acts herein complained of occurred in the County of Maricopa, State of Arizona.

2

**VII.**

That Defendants DOES I through XX, ABC PARTNERSHIPS I through XX and BLACK CORPORATIONS I through XX, inclusive, are individuals, corporations, partnerships or business entities which caused the events complained of to occur in the State of Arizona. Plaintiffs do not know the true identities of said Defendants. However, Plaintiffs will amend this Complaint when the names of the Defendants become known pursuant to Rule 10(f), Arizona Rules of Civil Procedure.

**VIII.**

That the amount in controversy exceeds the jurisdictional and compulsory arbitration limits of this Court.

**IX.**

That all said Defendants were either joint tortfeasors with the above Defendants and were concurrently or jointly and severally liable for the acts and omissions herein described or otherwise secondarily liable for such acts and omissions. At all times mentioned herein, Defendants, and each of them, were the agents, joint venturers, servants and employees of the remaining co-defendants, and each was at all times acting within the course and scope of said agency, service and employment.

**X.**

That the careless, reckless, negligent and grossly negligent acts, omissions, misfeasance and nonfeasance carried out by each and every employee or agent of each and every agency, municipality, county, corporation or business of Defendants were authorized, ordered and directed by the respective Defendants' municipal, county, administrative agency, corporate and

3

business employees, officers, directors, supervisors, sergeants and/or managing agents.  Each Defendants' employees, officers, directors, supervisors, sergeants and/or managing agents had advance knowledge of, authorized and participated in the herein described acts, conduct, misfeasance and nonfeasance of their employees, agents and each of them.  In addition thereto, upon completion of the aforesaid acts, conduct, misfeasance and nonfeasance of the employees and agents, Defendants ratified, accepted the benefits of, condoned and approved of each and all of the said acts, conduct or nonfeasance.  Furthermore, at all times herein relevant, each Defendant was a principal, master, employer, agent and joint venturer of each and every other Defendant, and said Defendants were acting within the course and scope of said agency, authority, employment and/or joint venture.

## XI.

That at all times herein mentioned Defendants' agents, servants, employees, officers, sergeants and supervisors were acting within the course and scope of their agency, authority, service and employment with the Defendants.

## XII.

That at all times herein mentioned Defendants and each of them are responsible and vicariously liable and/or derivatively responsible for the brutal, severe and permanent injuries of Plaintiff David Mendoza and for all of the actions, conduct, omissions and fault, responsibility, negligence, gross negligence, reckless, willfulness and carelessness of its departments, agencies, agents, servants, employees, officers, sergeants and supervisors under the doctrine of respondeat superior.

4

### XIII.

That all Defendants are joint tortfeasors and are jointly and severally liable for the acts and omissions described herein.

### XIV.

That upon information and belief on or about February 23, 2011, Plaintiff David Mendoza was residing at his residence at or near 10214 West Pasadena Avenue, Phoenix, Arizona 85307. Defendants, by and through its law enforcement officers, including its SWAT team and police dog or dogs came into contact with Plaintiff David Mendoza. Plaintiff Mendoza interacted with Defendants' law enforcement officers, acting peacefully.

### XV.

That sometime thereafter, unjustifiably and without cause, Defendants' law enforcement agencies, officers, agents, including its SWAT team and police dogs, violently, aggressively and brutally injured, wounded and severely maimed Mr. Mendoza, resulting in severe and permanent injuries caused by Defendants' employees, agents, officers and police dogs.

### XVI.

That prior to being violently brutalized, injured and assaulted by Defendants' officers, agents, employees, SWAT team, police department and police dogs, Plaintiff David Mendoza was cooperative, helpful, accommodating and compliant with said Defendants and its officers, agents, employees, SWAT team, police department and police dogs.

### XVII.

That at all times that Defendants' officers, agents, employees, police department, SWAT team and police dogs were assaulting, biting, injuring and severely maiming Plaintiff David

Mendoza, he was completely defenseless, without any type of weapons and never provoked, threatened, intimated or endangered any of Defendants' officers, agents, employees, police department, SWAT team and police dogs.

### XVIII.

That according to Defendants' own documentation, the brutal and violent actions perpetrated upon Plaintiff David Mendoza by Defendants' officers, agents, employees, police department, SWAT team and police dogs required him to get "needed medical attention."

### XIX.

That as a direct result of the grossly negligent, reckless, careless, callous, brutal, violent and senseless actions of Defendants and its officers, agents, employees, police department, SWAT team and police dogs, Plaintiff David Mendoza was caused to become severely and permanently injured because of the violent and traumatic actions of Defendants employees, agents, police officers and its dogs.

### XX.

That after Defendants violently and traumatically injured, bit, maimed, and harmed Plaintiff David Mendoza, Plaintiff's arm, including its nerves, tendons, bones, muscles, tissue and other anatomical material became disfigured, defective, disabled and non-responsive, as a direct result of Defendants' brutal, willful and violent actions.

6

**XXI.**

That the unjustified, negligent, grossly negligent, careless, callous, brutal and violent injuries of Plaintiff David Mendoza was perpetrated and directly caused by Defendants' employees, officers, agents, police department, SWAT team and police dogs.

**XXII.**

That Defendants' actions violated state, city and local safety laws, regulations as well as statutes and rules, regulations and manuals, policies and procedures, all of which constitutes negligence per se.

**XXIII.**

That the negligent, grossly negligent, careless, callous, reckless and egregious actions of Defendants and each of them by and through its officers, agents, employees and canines which directly and proximately caused the brutal, severe and permanent injuries to Plaintiff David Mendoza includes but are not limited to the following:

a.   grossly negligently failed to undertake the reasonable and necessary measures required to protect Plaintiff David Mendoza from foreseeable dangers, including police brutality and vicious police dog bites;

b.   grossly negligently failed to properly, reasonably and adequately protect the life and limb of Plaintiff David Mendoza;

c.   grossly negligently failed to prevent its officers, including its police officers and dogs from injuring Plaintiff David Mendoza;

d.   grossly negligent, improper, unjustified and egregious use of dangerous force against Plaintiff David Mendoza;

e.   grossly negligent, egregious use of excessive force against Plaintiff David Mendoza;

f.   grossly negligent, egregious use of force against Plaintiff David Mendoza;

g.    grossly negligent, egregious use of violence against Plaintiff David Mendoza;

h.    grossly negligent, egregious use of police force and dogs against Plaintiff David Mendoza;

i.    grossly negligent, egregious and unjustified use of force, violence and brutality against Plaintiff David Mendoza;

j.    grossly negligently failed to use proper verbal direction;

k.    grossly negligent, unlawful public safety activities;

l.    grossly negligent utilization of unreasonable amount of force under the circumstances;

m.    grossly negligent failure of sworn employees to intervene to prevent the use of unreasonable force, lethal force and to prevent the severe injuries to Plaintiff David Mendoza;

n.    grossly negligently failed to supervise, direct, and coordinate the acts of the Defendants' employees in a way that did not cause the severe injuries to Plaintiff David Mendoza;

o.    grossly negligently failed to have competent officers dealing with Plaintiff David Mendoza;

p.    grossly negligently and improperly trained officers and police dogs;

q.    grossly negligently abuse of force, power and position of authority;

r.    grossly negligent and unreasonable policies and procedures;

s.    grossly negligently failed to plan, act or operate according to generally accepted safety and law enforcement policies, rules and procedures as well as generally accepted police policies, rules and procedures;

t.    deliberate indifference to the substantial risk of serious injuries or even death to Plaintiff David Mendoza;

u.    grossly negligently failed to adequately, reasonably and properly interact with Plaintiff David Mendoza;

v.    grossly negligent usage of police dogs;

w.    grossly negligent utilization of unreasonable amount of force under the

8

circumstances;

x.    grossly negligent failure of Defendants' officers, agents and employees to intervene to prevent the use of unreasonable force;

y.    grossly negligent failure to reasonably supervise, direct and coordinate the acts of the subject officers and employees;

z.    grossly negligent evaluation of the events by the officers at the scene;

aa.   grossly negligent failure to obtain competent and qualified assistance at the scene;

bb.   grossly negligent and improperly training officers and employees;

cc.   grossly negligent and unjustified questioning, stopping, warrant, search and victimization of Mr. David Mendoza;

dd.   grossly negligent failure to provide appropriate and reasonable training to the officers and police dogs;

ee.   grossly negligent failure to plan, act or operate according to generally accepted law enforcement policies, procedures and practices;

ff.   grossly negligent and deliberate indifference for Plaintiff David Mendoza;

gg.   grossly negligent and deliberate indifference to the substantial risk of serious injury to Plaintiff David Mendoza;

hh.   grossly negligent hiring, retaining and supervising employees, officers, agents who Defendants knew or should have known to be incompetent, reckless, and/or dangerous;

ii.   grossly negligent retention of police dog or dogs who Defendants knew or should have known to be reckless or dangerous;

jj.   grossly negligent entrusting abnormally dangerous weapons, equipment and police dogs to incompetent, reckless, and dangerous employees, agents and officers for operation in the course and scope of employment.

**XXIV.**

That Defendants and each of them were unable to charge and never charged Plaintiff David Mendoza with any of the alleged crimes in the subject search warrant.

9

1

## XXV.

2

3

That the negligent, grossly negligent, careless, callous, willful, wanton and reckless acts

4

of Defendants and their employees, officers, agents and police dogs perpetrated in the course

5

and scope of their employment with Defendants, and are imputed by operation of law to

6

Defendants pursuant to the doctrines and principles of respondeat superior and agency.

7

## XXVI.

8

9

That Defendants and each of them, through its officers, agents, employees and canines, at

10

the above time and place were independently, grossly negligent, negligent, callous, reckless,

11

willful, wanton and careless in that among other things, Defendants and each of them willfully

12

and wantonly failed to hire, retain, train and supervise competent employees, officers, agents

13

14

and police dogs. In conscious disregard for the safety of the individuals such as Plaintiff David

15

Mendoza who were in close proximity to Defendants and their employees, officers and police

16

dogs, Defendants and each of them negligently, grossly negligently, carelessly and callously

17

hired, retained, trained, directed, managed and supervised its employees, agents, officers,

18

19

sergeants, police dogs and supervisors who Defendants knew or reasonably should have known

20

were incompetent, reckless, dangerous, and who otherwise created and exposed an unreasonable

21

risk of harm to the individuals under their custody and control as well as in close proximity to

22

said Defendants such as Plaintiff David Mendoza.   Defendants negligently and grossly

·23

24

negligently failed to undertake reasonable and prudent measures in the hiring, retention,

25

direction, management, care and supervision of its employees, agents, officers, police dogs and

26

supervisors, which would have reasonably ensured the safety of the individuals located in close

proximity to or under the custody and control of said Defendants including Plaintiff David

10

Mendoza. Defendants and each of them are further negligent, grossly negligent, careless, reckless and callous for entrusting reckless, untrained, vicious, violent and dangerous police dogs to its unreasonably dangerous, untrained, incompetent and unsafe employees, agents, officers, sergeants and supervisors who Defendants knew or should have known were incompetent.

## XXVII.

That the egregious, grossly negligent, careless, reckless and despicable actions of Defendants, including its police department, SWAT team, employees, officers, agents and police dogs constituted a serious and willful disregard for the life of Plaintiff Mendoza in that they knew that serious physical injury was the probable consequence of their negligent and reckless acts.

## XXVIII.

That Defendants are strictly liable pursuant to Arizona law including but not limited to Arizona Revised Statutes §§ 11-1020, 11-1025 *et sequitur*, for the actions of their dangerous and vicious dogs, including strictly liable for Plaintiff David Mendoza's severe injuries.

## XXIX.

That prior to the said acts of Defendants, and each of them, Plaintiff David Mendoza was a strong, confident and healthy, vigorous young twenty eight (28) year old man and father, and that as a direct and proximate result of the grossly negligent, careless, reckless, violent, callous, willful and wanton actions of Defendants and its employees, officers, police dogs and agents, Plaintiff David Mendoza was caused to sustain severe and permanent injuries, including volar wounds, dorsal wounds, and infection wounds with necrosis, permanent, gruesome, and

11

disfiguring scars, all of which completely destroyed Plaintiffs David Mendoza's life as he knew it and forced him into a permanently disabled life, all to Plaintiffs' detriment and damages. These injuries required and forced Plaintiff David Mendoza to undergo extensive and major surgeries, including but not limited to, left forearm volar incision and drainage; left forearm volar and dorsal fasciotomy with debridement of nonviable tissue; left volar forearm wound debridement excisional, including muscle 30 centimeters squared; left volar forearm split-thickness skin graft; left forearm dorsal debridement, excisional 40 cm squared, including skin to muscle; left forearm dorsal Integra placement; left forearm dorsal extensor digitorum communis (EDC) middle finger to EDC ring and little finger tendon transfer; left forearm dorsal extensor digitorum communis (EDC) index finger to EDC ring finger and little finger tendon transfer.

### XXX.

That as a direct and proximate result of the careless, reckless, callous and negligent acts and omissions of the defendants, Plaintiff David Mendoza was thereby violently bitten and sustained brutal, violent and mangled injuries and scars to his arm so as to cause him to be severely, permanently and catastrophically injured about his body and person, and to severely and permanently injure among other things, his arm, including its nerves, ligaments, tissue, bones, muscles and other anatomical material, and because of said injuries, Plaintiff David Mendoza was caused to be committed to the care and treatment of skilled physicians, surgeons, nurses and hospitals, that as a result of the intense and excruciating pain it became necessary that Plaintiff David Mendoza be administered sedatives and pain medication in an effort and attempt to relieve the physical pain and suffering sustained by said Plaintiff, and as a further

result of said injuries Plaintiff has had to undergo medical treatments, and will in the future be required to continue in the care of physicians, surgeons and nurses, the exact extent of which is at the present time unknown, to Plaintiffs' damages, and are at this time unable to supply the itemized actual damages and costs of physicians services, hospital costs, medical and surgical appliances and treatments, and loss of earnings from his employment, but upon request of this Court, and at the proper time, said itemized statements will be supplied.

### XXXI.

That as a further result of the negligent, careless and wrongful acts of negligence and gross negligence aforedescribed, the Plaintiff David Mendoza was permanently injured and suffered severe, lasting, permanent and catastrophic injuries concerning, but not limited to, his ability to work, grab, clench, grip, grasp, catch, hold, pick up, extend his arm and ability to move his arm like a human being ever again, and to live life as previously has been permanently affected and disturbed, with loss of sensory sensations and feelings on his arm and upper extremities directly affecting the muscle structure and the nervous structure and circulatory system of his arm. As a further direct result of Defendants' grossly negligent, careless and reckless acts, Plaintiff David Mendoza is now permanently disabled and forced to a life of pain and suffering. In addition to the above, Plaintiff David Mendoza will require medical care and treatment for the rest of his natural life, all to his detriment and damages.

### XXXII.

That Plaintiff David Mendoza as a direct and proximate result of said permanent and catastrophic injuries so received as a direct and proximate result of the negligence of the Defendants as aforesaid, has suffered great, grievous, permanent, physical, psychological and

1    mental pain and anguish and will continue so to suffer for the rest of his natural life, and that

2    Plaintiff believes and is informed that some of said injuries and their consequences are

3
4    permanent in nature, and as a further result of said injuries so sustained, Plaintiff has been

5    unable to pursue his normal activities, business, duties and habits and also must remain under

6    the care of physicians for an unknown period of time in the future, all to his detriment and

7    damage in that sum as is reasonable and just to the court.

8
9                                           **XXXIII.**

10        In addition to the above, the Plaintiff has incurred medical expenses for the services of

11    physicians, hospitals and nursing care, the exact amount of which is unknown to the Plaintiff at

12    present, which will be supplied to this Court at a later date.

13
14                                           **XXXIV.**

15        That by reason of Defendants' gross negligence and each of them, Plaintiff David

16    Mendoza was caused to be permanently and catastrophically injured during all of which has

17    suffered and will continue to suffer great pain and was and will be prevented from transacting

18
19    and attending to his business and family affairs as previously; and that he sustained certain,

20    lasting, and permanent injuries which render him permanently scarred, diminished and disabled

21    so that he cannot pursue usual private, familiar and professional occupations as before, and that

22    the Plaintiff David Mendoza being a very young man of twenty-eight (28) years of age in the

23
24    prime of life, at the beginning of efficiency and earning power, has had his earning capacity

25    permanently impaired, which exact amount is currently unknown but will be supplied to the

26    Court.

14

1

**XXXV.**

2

3

That the conduct on the part of Defendants, and each of them, was negligent, reckless,

4

careless, wanton and willful in that the likelihood of harm was highly probable and the result

5

and foreseeable harm was devastating.

6

WHEREFORE, Plaintiff David Mendoza prays for judgment against the Defendants, and

7

each of them, as follows:

8

9

1.    For that amount as is reasonable and just as and for compensatory damages to the

10

Plaintiff, including for the severe pain, grief, sorrow, anguish, stress, shock and mental suffering

11

experienced by Plaintiff;

12

2.    For the amount necessary as and for medical expenses incurred herein and to be

13

14

incurred in the future to be supplied at a later date;

15

3.    For loss of income to Plaintiffs to date and to be incurred in the future;

16

4.    For the loss of earning power;

17

5.    For costs of suit incurred; and

18

19

6.    For such other and further relief as to the Court may seem just and proper in the

20

premises.

21

**SECOND CLAIM FOR RELIEF**

22

23

**I.**

24

25

Plaintiff                              hereby realleges and adopts all the allegations contained

26

in the previous claims for relief, counts and paragraphs, and incorporates the same by reference,

the same as though fully set forth at length herein.

**II.**

That prior to the time of the injuries to Plaintiff David Mendoza, he was a young twenty-eight (28) year old male in the prime of his life and was fully capable of performing and actually did perform all of the usual duties as a father and was a loving and pleasing father to Plaintiff and he received much comfort and happiness in his society and companionship. By reason of his permanent and catastrophic injuries, the Plaintiff David Mendoza is now forced into a permanently disabled and scarred life and has been unable to perform the fatherly duties which he had previously performed, and Plaintiff has been sadly deprived of his income, care, support and services as his son, and his comfort and happiness in his society and companionship have been impaired; and Plaintiff is informed and believes that his loss of his father's consortium and his incapacity to do his duties will continue for an indefinite time in the future, all to Plaintiff's damage in that sum found reasonable and just.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.    For a sum that is reasonable and just as and for damages for the severe, pain, grief, sorrow, anguish, stress, shock and mental suffering experienced by the minor beneficiaries' and reasonable probable to be experienced in the future caused by the loss of their adored father.

2.    For the loss of love, affection, companionship, care, protection, guidance, and consortium suffered by minor Plaintiff because of the severe personal injuries sustained by his father, David Mendoza, and into the future.

3.    For a sum that is reasonable and just in the premises as and for the damages for pain and suffering experienced by minor Plaintiff.

16

1

4.     For the loss of services of or incurred by Plaintiff.

2

5.     For that sum that is reasonable and just for the special damages and/or
3
professional care provided to and incurred by Plaintiff.
4

5

6.     For loss of consortium in a just and reasonable amount.

6

7.     For costs of suit incurred herein.

7

8.     For such other different or further relief as the Court and jury may deem just and
8
proper in the premises.
9

10

## JURY TRIAL DEMAND

11

Plaintiff demands a jury trial.

12

13

_____
Luis P. Guerra
14
David C. Shapiro
LUIS P. GUERRA, L.L.C.
15
5500 N. 24th Street
Phoenix, Arizona 85016
16
Attorney for Plaintiff

17

18

19

20

21

22

23

24

25

26

17





FEB 1 7 2012

MICHAEL K. JEANES, CLERK
S. Si  TU
DEPUTY CLERK

*Law Offices of*
*LUIS P. GUERRA, L.L.C.*
*5500 N. 24th Street*
*Phoenix, Arizona 85016*
*(602) 381-8400*
*Luis P. Guerra, #015768*
*David C. Shapiro, #028056*
*Attorneys for Plaintiffs*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

DAVID DOMINGUEZ MENDOZA,
individually and as the natural father and
next friend for and on behalf of his
natural child,
      a minor,

          Plaintiffs,

v.

CITY OF PEORIA, a municipality, by
and through its Police Department, an
Agency of the City of Peoria; CITY OF
PEORIA POLICE DEPARTMENT, an
Agency of the City of Peoria; DOES I
through XX, inclusive; ABC
PARTNERSHIPS I through XX,
inclusive; and BLACK
CORPORATIONS I through XX,
inclusive,

          Defendants.

No. CV    CV2012-004210

**CERTIFICATE OF COMPULSORY ARBITRATION**

The undersigned certifies that the largest award sought by complainants, including punitive damages, but excluding interest, attorneys' fees and costs, <u>does</u> exceed the limits set by Local Rule for compulsory arbitration. This case <u>is not</u> subject to the Uniform Rules of Procedure for Arbitration.

DATED this _17_ day of February, 2012.

Luis P. Guerra
David C. Shapiro
LUIS P. GUERRA, L.L.C.
5500 N. 24th Street
Phoenix, Arizona  85016
   Attorneys for Plaintiffs

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
Michelle Paigen
1/7/2013 6:59:00 PM
Filing ID 5062064

1  SCOTT H. ZWILLINGER (019645)
2  **GOLDMAN & ZWILLINGER PLLC**
   7047 E. Greenway Parkway, Suite 150
3  Scottsdale, Arizona 85254
   (480) 624-2783
4  (480) 383-6224 (Fax)
5  E-mail: docket@gzlawoffice.com
   Attorney for the Plaintiff
6
7  LUIS P. GUERRA (015768)
   DAVID C. SHAPIRO (028056)
8  **LAW OFFICES OF LUIS P GUERRA LLC**
9  6225 N. 24th Street, Suite 125
   Phoenix, Arizona 85016
10 (602) 381-8400
11 Attorneys for the Plaintiff

12          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
13
14              IN AND FOR THE COUNTY OF MARICOPA

15 DAVID DOMINGUEZ MENDOZA,        )   No. CV2012-004210
   individually and as the natural father and )
16 next friend for and on behalf of his )
   natural child                   )
17          a minor,               )   **AMENDED COMPLAINT**
                                    )
18          Plaintiff,             )
                                    )
19 v.                              )   **(Tort Non-Motor Vehicle)**
                                    )
20 CITY OF PEORIA, a municipality, by )
   and through its Police Department, an )
21 Agency of the City of Peoria; CITY OF )   **(Jury trial requested)**
   PEORIA POLICE DEPARTMENT, an )
22 Agency of the City of Peoria; OFFICER )   (Assigned to the Honorable Maria Del
   AARON BREWER and JANE DOE )   Mar Verdin)
23 BREWER; husband and wife; DOES I )
   through XX, inclusive; ABC )
24 PARTNERSHIPS I through XX, )
   inclusive; and BLACK )
25 CORPORATIONS I through XX, )
   inclusive,                       )
26                                  )
27          Defendants.            )
   _____ )
28

                                  1

1    **COME NOW** the Plaintiffs above-named, by and through their attorneys Goldman &
2    Zwillinger, PLLC and Luis P. Guerra, LLC, for their causes of action, and claims for relief
3    against the Defendants, and each of them, allege as follows:

4                              **PARTIES, JURISDICTION, AND VENUE**

5        1.    That Plaintiff David Mendoza brings this action individually, and as natural
6    father and next friend, on behalf of his minor child, Plaintiff

7        2.    Defendants City of Peoria (the "City") is a municipality in Maricopa County,
8    Arizona that acts by and through its officials, employees, and agents, including without
9    limitation each of the other Defendants in this action and that is vicariously liable for the acts
10   and omissions of its officials, employees, and agents., including without limitation Officer
11   Aaron Brewer.

12       3.    Defendant City of Peoria Police Department (the "Police Department") is the
13   Police Department of the City and was organized, existing and operating under and by Arizona
14   State law pursuant to the authority granted to the City. The Police Department is vicariously
15   liable for the acts and omissions of its officials, employees and agents, including without
16   limitation Defendant Officer Aaron Brewer.

17       4.    Defendant Officer Aaron Brewer is a sworn peace officer employed by the Police
18   Department as a K-9 officer.

19       5.    Defendants DOES I through XX, ABC PARTNERSHIPS I through XX and
20   BLACK CORPORATIONS I through XX, inclusive, are individuals, corporations,
21   partnerships or business entities which caused the events complained of to occur in the State of
22   Arizona. Because Defendants have failed to comply with A.R.S. § 39-121 *et seq.* and refused
23   to produce copies of public records that relate to the maters at issue in this Complaint,
24   Plaintiffs do not know the true identities of said Defendants. However, Plaintiffs will amend
25   this Complaint when the names of the Defendants become known pursuant to Rule 10(f),
26   Arizona Rules of Civil Procedure.

27
28
                                              2

6.      At all said times each of the Defendants was a joint tortfeasors with each of the above named Defendants and thus is concurrently and jointly and severally liable for the acts and omissions herein described or otherwise secondarily liable for such acts and omissions.

7.      Alternatively, at all times mentioned herein, Defendants, and each of them, were the agents, joint venturers, servants and employees of the other Defendants, who were at all times acting within the course and scope of said agency, service and employment. As a result, at all times herein mentioned Defendants and each of them are responsible and vicariously liable and/or derivatively responsible for the brutal, severe and permanent injuries of Plaintiff David Mendoza and for all of the actions, conduct, omissions and fault, responsibility, negligence, gross negligence, reckless, willfulness and carelessness of its departments, agencies, agents, servants, employees, officers, sergeants and supervisors under the doctrine of respondeat superior.

8.      Further, the careless, reckless, negligent and grossly negligent acts, omissions, misfeasance and nonfeasance carried out by each and every employee or agent of each and every agency, municipality, corporation or business of Defendants was authorized, ordered and directed by the respective Defendants' municipal, county, administrative agency, corporate and business employees, officers, directors, supervisors, sergeants and/or managing agents.

9.      Each Defendants' employees, officers, directors, supervisors, sergeants and/or managing agents had advance knowledge of, authorized and participated in the herein described acts, conduct, misfeasance and nonfeasance of their employees, agents and each of them.

10.     In addition thereto, upon completion of the aforesaid acts, conduct, misfeasance and nonfeasance of the employees and agents, Defendants ratified, accepted the benefits of, condoned and approved of each and all of the said acts, conduct or nonfeasance.

11.     For purposes of Plaintiffs claims that arise under Federal Law, including without limitation the United States Constitution and 42 U.S.C. § 1983 et seq, and as maybe relevant to Plaintiffs' State law claims, at all relevant times described herein Defendants were acting under color of state law.

3

12.     This Court has jurisdiction over this matter pursuant to Article 6, Section 14 of the Arizona Constitution.

13.     The amount in controversy exceeds the minimum jurisdictional and mandatory arbitration limits of this Court.

14.     Plaintiff has served a notice of claim on defendants in compliance with A.R.S. § 12-821.01. More than sixty days has expired since Plaintiff served his notice of claim and Defendants have not responded in any manner whatsoever to said notice of claim.

15.     Venue is proper in this Court as the acts and omissions herein complained of occurred in the County of Maricopa, State of Arizona.

## GENERAL ALLEGATIONS

16.     Plaintiffs hereby reallege and adopt all the allegations contained in the previous and paragraphs, and incorporates the same by reference as though fully set forth at length herein.

17.     On or about February 23, at approximately 21:00 hours, Plaintiff David Mendoza was violently, permanently and seriously injured by the Police Department via the actions and omissions of its SWAT team and canine police officers.

18.     Specifically, Mr. Mendoza, was residing at his home and residence at 10214 W. Pasadena Avenue Phoenix, AZ 85307 (the "Property"), when the Police Department purported to execute a search warrant (the "Search Warrant") at the Property.

19.     Pursuant to the Search Warrant, the Police Department's officers and police dogs, including but not limited to Defendants' K9 Officer Aaron Brewer, entered the Property and violently apprehended Plaintiff David Mendoza with their vicious police dog.

20.     Plaintiff David Mendoza fully and completely cooperated with the officers and did not threaten, agitate, attack or make any aggressive moves against any of the officers, including Defendant Officer Brewer and his police dog.

21.     As a result, David did not pose a threat or danger to anyone and Defendants knew or reasonably should have known this.

4

22.     However, without justification in direct violation of the applicable police dog policies and procedures, Defendants, including Defendant Officer Brewer, used excessive, unjustified and unreasonable force against David when they either directed, instructed and caused a police dog to violently bite David, or failed to control and deploy a police dog appropriately such that said dog was able to violently bite David. .

23.     As a result of that vicious dog bite, David sustained severe and permanent injuries, including without limitation volar wounds, dorsal wounds, and infection wounds with necrosis, permanent, gruesome, and disfiguring scars.

24.     Prior to sustaining injury David was twenty-eight (28) year old male in the prime of his life who was employed full time as a laborer.

25.     As a direct and proximate result of Defendants' actions and omissions, David has suffered pain, discomfort, suffering, disability, disfigurement and anxiety already experienced and reasonably probable to be experienced in the future as a result of the injuries.  Because Plaintiff is still treating for injuries, the full extent of Plaintiff's injuries are at this time unknown.

26.     As a further direct and proximate result of Defendants' actions and omissions, Plaintiff was caused to incur various medical and medically related expenses in an amount to be proven at trial.

27.     As a further direct and proximate result of Defendants' actions and omissions David has  sustained a loss of earning capacity, in an amount to be proven at the time of trial.

28.     David was also a loving and caring father that each and every day performed all of the usual duties of a father to Plaintiff

29.     Indeed, David was a loving and pleasing father who provided constant comfort, happiness, companionship, guidance, and support to

30.     However, as a direct and proximate result of the permanent injuries sustained by David as a result of the actions and omissions of Defendants, David is now permanently disabled and scarred is unable to fully and completely provide financial support for his family,

5

1 | including          and is unable to perform the fatherly duties which he had previously
2 | performed.

3 |     31.    Further, as a direct and proximate result of the injuries sustained by David as a
4 | result of the actions and omissions of Defendants      has been sadly deprived of his income,
5 | care, support and services as his son, and his comfort and happiness in his society and
6 | companionship have been impaired.

7 | **COUNT I**
8 | **(Negligence and Gross Negligence)**

9 |     32.    Plaintiffs re-allege and incorporate by reference the allegations set forth in the
10 | preceding paragraphs of this Complaint.

11 |     33.    At all relevant times, each and every Defendant had a duty to exercise ordinary
12 | care towards David, including the duty to take certain actions and refrain from other actions
13 | such that force was not used against David without valid reason or justification.

14 |     34.    Defendants breached that duty by both using force against David with out a valid
15 | reason or justification and using force in a degree that was excessive and improper.

16 |     35.    As a direct and proximate result of Defendants' breach, David has been damaged
17 | in that he has, among other things, sustained severe and permanent injuries, suffered extreme
18 | pain and suffering, lost the enjoyment of life, lost the ability to have and maintain his familial
19 | relationships to the fullest extent, incurred current and future medical expenses, lost income
20 | and sustained other damages that will be demonstrated at trial.

21 |     36.    Additionally, as a direct and proximate result of Defendants' breach,      has
22 | been damaged in that his relationship with his father has been damaged such that      does not
23 | receive the same emotional and financial support as set forth above.

24 |     37.    Defendants acts and omissions set forth above, also demonstrate gross and
25 | wanton negligence in that each of them knew or had reason to know that their acts individually
26 | and collectively created an unreasonable risk of bodily harm to Davd and a high probability
27 | that substantial harm would result.

28 | **COUNT II**

6

1            **(Negligent Hiring, Training, Supervision and Retention)**

2       38.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the
3 preceding paragraphs of this Complaint.

4       39.     Defendants the City and the Police Department owed a duty to Plaintiffs to
5 ensure that their employees, officers, agents, and independent contractors were qualified to
6 serve in their respective roles before hiring and assigning employees to specific duty posts.

7       40.     Defendants the City and the Police Department also owed Plaintiffs a duty to
8 ensure that their employees, officers, agents, and independent contractors were properly trained
9 and possessed the skill and knowledge to perform their assigned job tasks in a competent
10 manner.

11       41.     Defendants the City and the Police Department also owed Plaintiffs a duty to
12 ensure that their employees, officers and agents were properly supervised in their assigned job
13 tasks, including issuing appropriate discipline and terminating those individuals who
14 demonstrated an inability to perform their assigned job tasks.

15       42.     Defendants the City and the Police Department breached these duties.

16       43.     Among other things, Defendants failed to follow the reasonable policies and
17 procedures governing use of force, police dogs, and any and all other applicable policies and
18 procedures.

19       44.     As a direct and proximate result of Defendants' breaches of these duties, David
20 has been damaged in that he has, among other things, sustained severe and permanent injuries,
21 suffered extreme pain and suffering, lost the enjoyment of life, lost the ability to have and
22 maintain his familial relationships to the fullest extent, incurred current and future medical
23 expenses, lost income and sustained other damages that will be demonstrated at trial.

24       45.     Additionally, as a direct and proximate result of Defendants' breach,      has
25 been damaged in that his relationship with his father has been damaged such that      does not
26 receive the same emotional and financial support as set forth above.

27                              **COUNT III**

28            **(Strict Liability pursuant to A.R.S. § 11-1025)**

1  46. Plaintiffs hereby reallege and adopt all the allegations contained in the previous
2  claims for relief, counts and paragraphs, and incorporates the same by reference, the same as
3  though fully set forth at length herein.

4  47. That on or about February 23, 2011, Plaintiff David Mendoza was lawfully and
5  peacefully residing on his private property when a police dog owned by Defendants, grossly
6  negligently, unjustifiably and violently bit, injured, wounded and severely maimed Mr.
7  Mendoza. Accordingly, Defendants, as the owners of said police dog and upon information
8  and belief are without the applicable statutory exemptions, are strictly liable pursuant to
9  A.R.S.§ 11-1025.

10                                    **COUNT IV**
11                **(Negligent/Grossly Negligent Use of Excessive Force)**

12  48. Plaintiffs hereby reallege and adopt all the allegations contained in the previous
13  claims for relief, counts and paragraphs, and incorporates the same by reference, the same as
14  though fully set forth at length herein.

15  49. Defendants owed Plaintiffs not only the duty to act as would a reasonably careful
16  and prudent police department but also to not use unreasonable, unwarranted and excessive
17  force or to inflict bodily harm in order to effect arrest.

18  50. On or about February 23, at approximately 21:00 hours, the Peoria Police
19  Department, the Peoria SWAT team and their police dogs were grossly negligent, used
20  excessive, unwarranted, unjustified, and unreasonable force when their police dog violently bit,
21  injured, wounded and severely maimed Mr. Mendoza.

22  51. Therefore, Defendants breached said duties when Defendants used unreasonable
23  and excessive force that directly and proximately resulted in bodily harm upon Plaintiff
24  Mendoza, including the aforementioned devastating and permanent injuries.

25                                     **COUNT V**
26                **(Animal Liability pursuant to common law)**
27
28

8

52.     Plaintiffs hereby reallege and adopt all the allegations contained in the previous claims for relief, counts and paragraphs, and incorporates the same by reference, the same as though fully set forth at length herein.

53.     That on or about February 23, 2011, Plaintiff David Mendoza was lawfully and peacefully residing on his private property when a police dog owned, possessed, trained and commanded, by Defendants, gross negligently, unjustifiably and violently bit, injured, wounded and severely harmed Mr. Mendoza.  Defendants, who were the owners or possessors of said dog, knew or had to reason to know of the dog's dangerous propensities abnormal to its class.

54.     In Arizona, a possessor of a domestic animal that he knows or has reason to know has dangerous propensities abnormal to its class, is subject to liability for harm done by the animal to another, although he has exercised the utmost care to prevent it from doing the harm.  Here, Defendants were the owners and/or possessors of the subject dog and also knew or had reason to know that the subject dog had dangerous propensities abnormal to its class.  Therefore, Defendants are subject to liability for the harm done by their animal to Plaintiff Mendoza.

<div align="center">

**COUNT VI**

**(Negligence/Gross Negligence Per Se)**

</div>

55.     Plaintiffs hereby reallege and adopt all the allegations contained in the previous claims for relief, counts and paragraphs, and incorporates the same by reference, the same as though fully set forth at length herein.

56.     On or about February 23, at approximately 21:00 hours, the Peoria Police Department, the Peoria SWAT team and their police dogs were grossly negligent used excessive, unwarranted, unjustified and unreasonable force when their police dog violently bit, injured, wounded and severely maimed Mr. Mendoza.

57.     Pursuant to A.R.S. § 13-3881(B), Defendants owed Plaintiffs the duty not to use unnecessary or unreasonable force in making an arrest,  Here, Defendants' violation of A.R.S.

1 § 13-3881(B) in utilizing unnecessary, unreasonable and unjustified force in arresting Plaintiff

2 Mendoza directly and proximately caused his devastating and serious injuries.

3 <div align="center">COUNT VII</div>

4 <div align="center">(Assault)</div>

5     58.    Plaintiffs hereby reallege and adopt all the allegations contained in the previous

6 claims for relief, counts and paragraphs, and incorporates the same by reference, the same as

7 though fully set forth at length herein.

8     59.    Prior to February 23, 2011, Defendants knew that its agents, employees, officers,

9 SWAT team members and police dog had the propensity to commit harmful contact with

10 persons such as Plaintiff Mendoza.  On or about February 23, 2011 at approximately 21:00

11 hours, the Peoria Police Department, the Peoria SWAT team and their police dogs acted

12 grossly negligently and with intent and intentionally harmed Plaintiff Mendoza when their

13 police dog violently bit, injured, wounded and severely maimed Mr. Mendoza.

14     60.    A public entity is liable for the tort of assault when 1) it knows that its agents,

15 employees, officers, SWAT team members and police dogs has the propensity to commit

16 assault and 2) one of its employees acts with intent to cause a harmful or offensive contact or

17 imminent apprehension thereof.

18     61.    Here, Defendants not only knew that its agents, employees, officers, SWAT team

19 members and police dog had the propensity to commit assault, but said agents, employees,

20 officers, SWAT team members and police dog did act with intent to cause a harmful contact,

21 resulting in Mr. Mendoza's devastating injuries previously described herein.  Accordingly,

22 Defendants are liable for the tort of assault.

23 <div align="center">COUNT VIII</div>

24 <div align="center">(Battery)</div>

25     62.    Plaintiffs hereby reallege and adopt all the allegations contained in the previous

26 claims for relief, counts and paragraphs, and incorporates the same by reference, the same as

27 though fully set forth at length herein.

28

<div align="center">10</div>

63.     Prior to February 23, 2011, Defendants knew that its agents, employees, officers, SWAT team members and police dog had the propensity to commit harmful contact with persons such as Plaintiff Mendoza.  On or about February 23, 2011 at approximately 21:00 hours, the Peoria Police Department, the Peoria SWAT team and their police dogs intentionally harmed Plaintiff Mendoza when their police dog violently bit, injured, wounded and severely maimed Mr. Mendoza.

64.     A public entity is liable for the tort of battery when 1) it knows that its agents, employees, officers, SWAT team members and police dogs has the propensity to commit battery and 2) one of its employees acts intentionally harms another person.  Here, Defendants not only knew that its agents, employees, officers, SWAT team members and police dog had the propensity to commit battery, but said agents, employees, officers, SWAT team members and police dog intentionally harmed Mr. Mendoza causing the aforementioned devastating injuries.  Accordingly, Defendants are liable for the tort of battery.

## COUNT IX

### (Intentional Infliction of Emotional Distress)

65.     Plaintiffs hereby reallege and adopt all the allegations contained in the previous claims for relief, counts and paragraphs, and incorporates the same by reference, the same as though fully set forth at length herein.

66.     On or about February 23, 2011, Mr. Mendoza was lawfully and peacefully residing at his home when Defendants' officers, agents, SWAT team members and police dog arrived at Mr. Mendoza's residence.  Mr. Mendoza had no weapons and never provoked, threatened, intimated or endangered any of Defendants' police officers, agents, employees, SWAT team or police dog.  Still, Defendants grossly negligently, intentionally, consciously and recklessly disregarded the life of Plaintiff Mendoza in that they knew that serious physical injury and severe emotional distress was the probable consequence of their negligent and reckless acts and caused devastating, serious and permanent injuries to Plaintiff Mendoza, including severe emotional distress.

67. Defendants are liable for the tort of intentional infliction of emotional distress if they (1) engaged in "extreme" and "outrageous" conduct, (2) intended to cause emotional distress or "recklessly disregarded the near certainty that such distress will result," and (3) actually caused Plaintiff to suffer "severe emotional distress." Here, Defendants grossly negligently, recklessly disregarded the near certainty that severe emotional distress would occur when Defendants committed violent, unjustified and harmful conduct against Mr. Mendoza's person resulting in severe emotional distress to Plaintiffs.

## COUNT X

### (Violation of Civil Rights – 42 U.S.C. § 1983)

68. Plaintiffs hereby reallege and adopt all the allegations contained in the previous claims for relief, counts and paragraphs, and incorporates the same by reference, the same as though fully set forth at length herein.

69. The United States Constitution, including the Fourth and Fourteenth Amendments, forbids one who acts under color of law from using force that is excessive or unjustified.

70. At all relevant times, Defendants were acting under color of law.

71. At all relevant times, David was under Defendants' control, was obeying their orders, whether lawful or not, and did not pose a danger to anyone.

72. Defendants, including Defendant K9 Officer Brewer violated the United States Constitution, including the Fourth and Fourteenth Amendments, by using force that was excessive and unjustified against David as set forth above.

73. Defendants' conduct in this regard was objectively unreasonable and was undertaken with willful, reckless and malicious indifference to the constitutional rights of David and with no regard to the likelihood that harm would and did result.

## COUNT X

### (Loss of consortium, income, care, affection, love, companionship, protection and guidance)

12

74.     Plaintiffs, hereby reallege and adopts all the allegations contained in the previous claims for relief, counts and paragraphs, and incorporates the same by reference, the same as though fully set forth at length herein.

75.     As a direct and proximate cause of Defendants' use of excessive and unjustified force, Plaintiff David Mendoza was caused to be permanently and catastrophically injured during all of which has suffered and will continue to suffer great pain and was and will be prevented from transacting and attending to his business and family affairs as previously; and that he sustained certain, lasting, and permanent injuries which render him permanently scarred, diminished and disabled so that he cannot pursue usual private, familiar and professional occupations as before, and that the Plaintiff David Mendoza being a very young man of twenty-eight (28) years of age in the prime of life, at the beginning of efficiency and earning power, has had his earning capacity permanently impaired, which exact amount is currently unknown but will be supplied to the Court.

76.     Accordingly, David has as more fully set forth above, sustained severe and permanent injuries, suffered extreme pain and suffering, lost the ability to have and maintain meaningful complete and full familial relationships, incurred current and future medical expenses, lost income and sustained other damages that will be demonstrated at trial.

77.     As a direct and proximate cause of Defendants' use of excessive and unjustified force,        has, as more fully set forth above, sustained severe and permanent injuries in that he has lost the ability to have a complete and full familial relationship with his father as will be demonstrated at trial.

78.     Additionally, as a direct and proximate cause of Defendants' use of excessive and unjustified force, David has catastrophically lost the ability to provide the consortium, income, care, affection, love, companionship, protection and guidance he once provided to his son, Plaintiff                    prior to the devastating injuries.

79.     The acts and omissions of Defendants were of such a nature to entitle Plaintiffs to an award of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

13

1                      **PRAYER FOR RELIEF**

2          WHEREFORE, Plaintiffs David and      Mendoza pray for judgment against the

3    Defendants, and each of them, as follows:

4          A.    For that amount as is reasonable and just as and for compensatory damages to the

5    Plaintiffs, including for the severe pain, grief, sorrow, anguish, stress, shock and mental

6    suffering experienced by Plaintiffs;

7          B.    For the amount necessary as and for medical expenses incurred herein and to be

8    incurred in the future to be supplied at a later date;

9          C.    For loss of income to Plaintiffs to date and to be incurred in the future;

10         D.    For the loss of earning power;

11         E.    For a sum that is reasonable and just as and for damages for the severe, pain,

12   grief, sorrow, anguish, stress, shock and mental suffering experienced by      and reasonable

13   probable to be experienced in the future caused by the loss of his adored father.

14         F.    For the loss of love, affection, companionship, care, protection, guidance, and

15   consortium suffered by      because of the severe personal injuries sustained by his father,

16   David Mendoza, and into the future.

17         G.    For that sum that is reasonable and just for the special damages and/or

18   professional care provided to and incurred by Plaintiff.

19         H.    For loss of consortium in a just and reasonable amount.

20         I.    For costs of suit incurred herein.

21         J.    For punitive and exemplary damages against the Defendants, in an amount

22   appropriate to punish the wrongful conduct alleged herein and to deter such conduct in the

23   future, as provided for by 42 U.S.C. § 1983 et seq.;

24         K.    For costs of suit incurred, including all incurred attorneys' fees and court costs,

25   pursuant to 42 U.S.C. § 1988 and as otherwise authorized by any other statute or law; and

26         L.    For such other and further relief as to the Court may seem just and proper in the

27   premises.

28                      **JURY TRIAL DEMAND**

14

1   Plaintiff hereby demands a trial by jury in this matter on all causes of action asserted

2   now or in the future.

3

4   RESPECTFULLY SUBMITTED this ___7___ day of January, 2013.

5

6                                         /s/ Scott H. Zwillinger
7                                         Scott H. Zwillinger
                                          GOLDMAN & ZWILLINGER PLLC
8                                         7047 E. Greenway Parkway, Suite 150
                                          Scottsdale, Arizona 85254
9
                                          Luís P. Guerra
10                                        David C. Shapiro
11                                        LUIS P. GUERRA, L.L.C.
                                          6225 N. 24th Street, Suite 125
12                                        Phoenix, Arizona  85016
                                             Attorneys for Plaintiff
13

14  **ORIGINAL** E-Filed and a
15  **COPY HAND-DELIVERED**
    this 7th day of January, 2013, to:
16
17  Honorable Maria Del Mar Verdin
    Maricopa County Superior Court
18  Old Courthouse - 3
19  125 West Washington
    Phoenix, AZ 85003-2275
20
21  **COPY** of the foregoing mailed
    this 7th day of January, 2013, to:
22
23  Michael Wawro, Esq.,
    Office of the City Attorney
24  City of Peoria
25  8401 West Monroe Street, Room 280
    Peoria, Arizona  85345
26  Attorneys for Defendant City of Peoria
27
28  _Pat Mughorsme_

15

1

*Law Offices of*
*LUIS P. GUERRA, L.L.C.*
2
5500 N. 24ᵗʰ Street
Phoenix, Arizona 85016
3
(602) 381-8400
Luis P. Guerra, #015768
4
David C. Shapiro, #028056
Attorneys for Plaintiff
5

6

7        IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
         IN AND FOR THE COUNTY OF MARICOPA
8

DAVID DOMINGUEZ MENDOZA,          )   No. CV
9   individually and as the natural father and )
    next friend for and on behalf of his       )
10  natural child,                             )
                    a minor,                    )   **COMPLAINT**
11                                              )
                    Plaintiff,                  )
12                                              )
    v.                                          )   **(Tort Non-Motor Vehicle)**
13                                              )
    CITY OF PEORIA, a municipality, by          )
14  and through its Police Department, an       )
    Agency of the City of Peoria; CITY OF       )   **(Jury trial requested)**
15  PEORIA POLICE DEPARTMENT, an                )
    Agency of the City of Peoria; DOES I        )
16  through XX, inclusive; ABC                  )
    PARTNERSHIPS I through XX,                   )
17  inclusive; and BLACK                        )
    CORPORATIONS I through XX,                  )
18  inclusive,                                  )
                                                )
19                  Defendants.                 )

20

21        **COME NOW** the Plaintiffs above-named, by and through their attorney Luis P. Guerra,

22   LLC, and for their causes of action, and claims for relief against the Defendants, and each of

23   them, allege as follows:

24                          ~~FIRST CLAIM FOR RELIEF~~

25                          ~~(David Dominguez Mendoza)~~

26                                      ~~I.~~

1   ~~That Plaintiff David Mendoza brings this action individually, and as natural father and~~

2   ~~next friend, on behalf of his minor child, Plaintiff~~

3

4                                          ~~II.~~

5   ~~That Plaintiff David Mendoza is the natural father of the minor Plaintiff~~

6

7

8                                          ~~III.~~

9   ~~That the acts herein complained of occurred in the State of Arizona.  At all times material~~

10  ~~hereto, Plaintiffs resided in the State of Arizona.~~

11                                         ~~IV.~~

12  ~~Defendants City of Peoria is a municipality in Maricopa County, Arizona and Defendant~~

13
    ~~City of Peoria Police Department is the Police Department of the City and was organized,~~
14
    ~~existing and operating under and by Arizona State law pursuant to the authority granted to the~~
15
    ~~City.~~
16

17                                         ~~V.~~

18  ~~That Defendant City of Peoria is a municipality and a political and corporate body of~~

19
    ~~Arizona and a political subdivision and municipality of the State of Arizona and that Peoria~~
20
    ~~Police Department (hereinafter PPD) is an Administrative Agency of the City of Peoria and is~~
21
    ~~organized, existing and operating under and pursuant to the City of Peoria's authority and under~~
22
    ~~and by Arizona state law.  Together Defendants are the entities responsible for all the acts and~~
23
    ~~omissions of its employees hereinafter complained.~~
24

25
                                           ~~VI.~~
26
    ~~That the acts herein complained of occurred in the County of Maricopa, State of Arizona.~~

VII.

~~That Defendants DOES I through XX, ABC PARTNERSHIPS I through XX and BLACK CORPORATIONS I through XX, inclusive, are individuals, corporations, partnerships or business entities which caused the events complained of to occur in the State of Arizona. Plaintiffs do not know the true identities of said Defendants.  However, Plaintiffs will amend this Complaint when the names of the Defendants become known pursuant to Rule 10(f), Arizona Rules of Civil Procedure.~~

VIII.

~~That the amount in controversy exceeds the jurisdictional and compulsory arbitration limits of this Court.~~

IX.

~~That all said Defendants were either joint tortfeasors with the above Defendants and were concurrently or jointly and severally liable for the acts and omissions herein described or otherwise secondarily liable for such acts and omissions.  At all times mentioned herein, Defendants, and each of them, were the agents, joint venturers, servants and employees of the remaining co-defendants, and each was at all times acting within the course and scope of said agency, service and employment.~~

X.

~~That the careless, reckless, negligent and grossly negligent acts, omissions, misfeasance and nonfeasance carried out by each and every employee or agent of each and every agency, municipality, county, corporation or business of Defendants were authorized, ordered and directed by the respective Defendants' municipal, county, administrative agency, corporate and~~

1  business employees, officers, directors, supervisors, sergeants and/or managing agents.   Each
2  Defendants' employees, officers, directors, supervisors, sergeants and/or managing agents had
3  advance knowledge of, authorized and participated in the herein described acts, conduct,
4  misfeasance and nonfeasance of their employees, agents and each of them.   In addition thereto,
5  upon completion of the aforesaid acts, conduct, misfeasance and nonfeasance of the employees
6  and agents, Defendants ratified, accepted the benefits of, condoned and approved of each and all
7  of the said acts, conduct or nonfeasance.   Furthermore, at all times herein relevant, each
8  Defendant was a principal, master, employer, agent and joint venturer of each and every other
9  Defendant, and said Defendants were acting within the course and scope of said agency,
10 authority, employment and/or joint venture.

11                                        XI.

12       That at all times herein mentioned Defendants' agents, servants, employees, officers,
13 sergeants and supervisors were acting within the course and scope of their agency, authority,
14 service and employment with the Defendants.

15                                        XII.

16       That at all times herein mentioned Defendants and each of them are responsible and
17 vicariously liable and/or derivatively responsible for the brutal, severe and permanent injuries of
18 Plaintiff David Mendoza and for all of the actions, conduct, omissions and fault, responsibility,
19 negligence, gross negligence, reckless, willfulness and carelessness of its departments, agencies,
20 agents, servants, employees, officers, sergeants and supervisors under the doctrine of respondeat
21 superior.

4

**XIII.**

That all Defendants are joint tortfeasors and are jointly and severally liable for the acts and omissions described herein.

**XIV.**

That upon information and belief on or about February 23, 2011, Plaintiff David Mendoza was residing at his residence at or near 10214 West Pasadena Avenue, Phoenix, Arizona 85307. Defendants, by and through its law enforcement officers, including its SWAT team and police dog or dogs came into contact with Plaintiff David Mendoza. Plaintiff Mendoza interacted with Defendants' law enforcement officers, acting peacefully.

**XV.**

That sometime thereafter, unjustifiably and without cause, Defendants' law enforcement agencies, officers, agents, including its SWAT team and police dogs, violently, aggressively and brutally injured, wounded and severely maimed Mr. Mendoza, resulting in severe and permanent injuries caused by Defendants' employees, agents, officers and police dogs.

**XVI.**

That prior to being violently brutalized, injured and assaulted by Defendants' officers, agents, employees, SWAT team, police department and police dogs, Plaintiff David Mendoza was cooperative, helpful, accommodating and compliant with said Defendants and its officers, agents, employees, SWAT team, police department and police dogs.

**XVII.**

That at all times that Defendants' officers, agents, employees, police department, SWAT team and police dogs were assaulting, biting, injuring and severely maiming Plaintiff David

5

1   ~~Mendoza, he was completely defenseless, without any type of weapons and never provoked,~~

2   ~~threatened, intimated or endangered any of Defendants' officers, agents, employees, police~~

3   ~~department, SWAT team and police dogs.~~

4

5                              ~~XVIII.~~

6   ~~That according to Defendants' own documentation, the brutal and violent actions~~

7   ~~perpetrated upon Plaintiff David Mendoza by Defendants' officers, agents, employees, police~~

8   ~~department, SWAT team and police dogs required him to get "needed medical attention."~~

9                              ~~XIX.~~

10  ~~That as a direct result of the grossly negligent, reckless, careless, callous, brutal, violent~~

11  ~~and senseless actions of Defendants and its officers, agents, employees, police department,~~

12

13  ~~SWAT team and police dogs, Plaintiff David Mendoza was caused to become severely and~~

14  ~~permanently injured because of the violent and traumatic actions of Defendants employees,~~

15  ~~agents, police officers and its dogs.~~

16

17

18                             ~~XX.~~

19  ~~That after Defendants violently and traumatically injured, bit, maimed, and harmed~~

20  ~~Plaintiff David Mendoza, Plaintiff's arm, including its nerves, tendons, bones, muscles, tissue~~

21

22  ~~and other anatomical material became disfigured, defective, disabled and non-responsive, as a~~

23  ~~direct result of Defendants' brutal, willful and violent actions.~~

24

25

26

1

**XXI.**

2

That the unjustified, negligent, grossly negligent, careless, callous, brutal and violent

3

injuries of Plaintiff David Mendoza was perpetrated and directly caused by Defendants'

4

5

employees, officers, agents, police department, SWAT team and police dogs.

6

**XXII.**

7

That Defendants' actions violated state, city and local safety laws, regulations as well as

8

statutes and rules, regulations and manuals, policies and procedures, all of which constitutes

9

10

negligence per se.

11

**XXIII.**

12

That the negligent, grossly negligent, careless, callous, reckless and egregious actions of

13

Defendants and each of them by and through its officers, agents, employees and canines which

14

15

directly and proximately caused the brutal, severe and permanent injuries to Plaintiff David

16

Mendoza includes but are not limited to the following:

17

    a.    grossly negligently failed to undertake the reasonable and necessary

18

        measures required to protect Plaintiff David Mendoza from foreseeable
        dangers, including police brutality and vicious police dog bites;

19

    b.    grossly negligently failed to properly, reasonably and adequately protect the

20

        life and limb of Plaintiff David Mendoza;

21

    c.    grossly negligently failed to prevent its officers, including its police officers

22

        and dogs from injuring Plaintiff David Mendoza;

23

    d.    grossly negligent, improper, unjustified and egregious use of dangerous

24

        force against Plaintiff David Mendoza;

25

    e.    grossly negligent, egregious use of excessive force against Plaintiff David
        Mendoza;

26

    f.    grossly negligent, egregious use of force against Plaintiff David Mendoza;

~~g. grossly negligent, egregious use of violence against Plaintiff David Mendoza;~~

~~h. grossly negligent, egregious use of police force and dogs against Plaintiff David Mendoza;~~

~~i. grossly negligent, egregious and unjustified use of force, violence and brutality against Plaintiff David Mendoza;~~

~~j. grossly negligently failed to use proper verbal direction;~~

~~k. grossly negligent, unlawful public safety activities;~~

~~l. grossly negligent utilization of unreasonable amount of force under the circumstances;~~

~~m. grossly negligent failure of sworn employees to intervene to prevent the use of unreasonable force, lethal force and to prevent the severe injuries to Plaintiff David Mendoza;~~

~~n. grossly negligently failed to supervise, direct, and coordinate the acts of the Defendants' employees in a way that did not cause the severe injuries to Plaintiff David Mendoza;~~

~~o. grossly negligently failed to have competent officers dealing with Plaintiff David Mendoza;~~

~~p. grossly negligently and improperly trained officers and police dogs;~~

~~q. grossly negligently abuse of force, power and position of authority;~~

~~r. grossly negligent and unreasonable policies and procedures;~~

~~s. grossly negligently failed to plan, act or operate according to generally accepted safety and law enforcement policies, rules and procedures as well as generally accepted police policies, rules and procedures;~~

~~t. deliberate indifference to the substantial risk of serious injuries or even death to Plaintiff David Mendoza;~~

~~u. grossly negligently failed to adequately, reasonably and properly interact with Plaintiff David Mendoza;~~

~~v. grossly negligent usage of police dogs;~~

~~w. grossly negligent utilization of unreasonable amount of force under the~~

1  ~~circumstances;~~

2  ~~x.      grossly negligent failure of Defendants' officers, agents and employees to~~
3  ~~intervene to prevent the use of unreasonable force;~~

4  ~~y.      grossly negligent failure to reasonably supervise, direct and coordinate the~~
5  ~~acts of the subject officers and employees;~~

6  ~~z.      grossly negligent evaluation of the events by the officers at the scene;~~

7  ~~aa.     grossly negligent failure to obtain competent and qualified assistance at the~~
8  ~~scene;~~

9  ~~bb.     grossly negligent and improperly training officers and employees;~~

10 ~~cc.     grossly negligent and unjustified questioning, stopping, warrant, search and~~
   ~~victimization of Mr. David Mendoza;~~

11
12 ~~dd.     grossly negligent failure to provide appropriate and reasonable training to~~
   ~~the officers and police dogs;~~

13 ~~ee.     grossly negligent failure to plan, act or operate according to generally~~
14 ~~accepted law enforcement policies, procedures and practices;~~

15 ~~ff.     grossly negligent and deliberate indifference for Plaintiff David Mendoza;~~

16 ~~gg.     grossly negligent and deliberate indifference to the substantial risk of~~
17 ~~serious injury to Plaintiff David Mendoza;~~

18 ~~hh.     grossly negligent hiring, retaining and supervising employees, officers,~~
   ~~agents who Defendants knew or should have known to be incompetent,~~
19 ~~reckless, and/or dangerous;~~

20 ~~ii.      grossly negligent retention of police dog or dogs who Defendants knew or~~
21 ~~should have known to be reckless or dangerous;~~

22 ~~jj.      grossly negligent entrusting abnormally dangerous weapons, equipment and~~
   ~~police dogs to incompetent, reckless, and dangerous employees, agents and~~
23 ~~officers for operation in the course and scope of employment.~~

24                              ~~XXIV.~~

25
26 ~~That Defendants and each of them were unable to charge and never charged Plaintiff~~

~~David Mendoza with any of the alleged crimes in the subject search warrant.~~

1

<div align="center">~~XXV.~~</div>

2

~~That the negligent, grossly negligent, careless, callous, willful, wanton and reckless acts~~

3

~~of Defendants and their employees, officers, agents and police dogs perpetrated in the course~~

4

~~and scope of their employment with Defendants, and are imputed by operation of law to~~

5

6

~~Defendants pursuant to the doctrines and principles of respondeat superior and agency.~~

7

<div align="center">~~XXVI.~~</div>

8

~~That Defendants and each of them, through its officers, agents, employees and canines, at~~

9

~~the above time and place were independently, grossly negligent, negligent, callous, reckless,~~

10

~~willful, wanton and careless in that among other things, Defendants and each of them willfully~~

11

~~and wantonly failed to hire, retain, train and supervise competent employees, officers, agents~~

12

~~and police dogs. In conscious disregard for the safety of the individuals such as Plaintiff David~~

13

~~Mendoza who were in close proximity to Defendants and their employees, officers and police~~

14

15

~~dogs, Defendants and each of them negligently, grossly negligently, carelessly and callously~~

16

~~hired, retained, trained, directed, managed and supervised its employees, agents, officers,~~

17

~~sergeants, police dogs and supervisors who Defendants knew or reasonably should have known~~

18

~~were incompetent, reckless, dangerous, and who otherwise created and exposed an unreasonable~~

19

20

~~risk of harm to the individuals under their custody and control as well as in close proximity to~~

21

~~said Defendants such as Plaintiff David Mendoza. Defendants negligently and grossly~~

22

~~negligently failed to undertake reasonable and prudent measures in the hiring, retention,~~

23

24

~~direction, management, care and supervision of its employees, agents, officers, police dogs and~~

25

~~supervisors, which would have reasonably ensured the safety of the individuals located in close~~

26

~~proximity to or under the custody and control of said Defendants including Plaintiff David~~

<div align="center">10</div>

1    Mendoza.  Defendants and each of them are further negligent, grossly negligent, careless,

2    reckless and callous for entrusting reckless, untrained, vicious, violent and dangerous police

3    dogs to its unreasonably dangerous, untrained, incompetent and unsafe employees, agents,

4    officers, sergeants and supervisors who Defendants knew or should have known were

5

6    incompetent.

7                                            XXVII.

8

9        That the egregious, grossly negligent, careless, reckless and despicable actions of

10   Defendants, including its police department, SWAT team, employees, officers, agents and police

11   dogs constituted a serious and willful disregard for the life of Plaintiff Mendoza in that they

12   knew that serious physical injury was the probable consequence of their negligent and reckless

13
     acts.
14

15                                           XXVIII.

16       That Defendants are strictly liable pursuant to Arizona law including but not limited to

17   Arizona Revised Statutes §§ 11-1020, 11-1025 *et sequitur*, for the actions of their dangerous and

18   vicious dogs, including strictly liable for Plaintiff David Mendoza's severe injuries.

19
                                             XXIX.
20

21       That prior to the said acts of Defendants, and each of them, Plaintiff David Mendoza was

22   a strong, confident and healthy, vigorous young twenty eight (28) year old man and father, and

23
     that as a direct and proximate result of the grossly negligent, careless, reckless, violent, callous,
24
     willful and wanton actions of Defendants and its employees, officers, police dogs and agents,
25
26   Plaintiff David Mendoza was caused to sustain severe and permanent injuries, including volar

     wounds, dorsal wounds, and infection wounds with necrosis, permanent, gruesome, and

1  disfiguring scars, all of which completely destroyed Plaintiffs David Mendoza's life as he knew

2  it and forced him into a permanently disabled life, all to Plaintiffs' detriment and damages.

3  These injuries required and forced Plaintiff David Mendoza to undergo extensive and major

4  surgeries, including but not limited to, left forearm volar incision and drainage; left forearm

5  volar and dorsal fasciotomy with debridement of nonviable tissue; left volar forearm wound

6  debridement excisional, including muscle 30 centimeters squared; left volar forearm split-

7  thickness skin graft; left forearm dorsal debridement, excisional 40 cm squared, including skin

8  to muscle; left forearm dorsal Integra placement; left forearm dorsal extensor digitorum

9  communis (EDC) middle finger to EDC ring and little finger tendon transfer; left forearm dorsal

10  extensor digitorum communis (EDC) index finger to EDC ring finger and little finger tendon

11  transfer.

12                                    **XXX.**

13         That as a direct and proximate result of the careless, reckless, callous and negligent acts

14  and omissions of the defendants, Plaintiff David Mendoza was thereby violently bitten and

15  sustained brutal, violent and mangled injuries and scars to his arm so as to cause him to be

16  severely, permanently and catastrophically injured about his body and person, and to severely

17  and permanently injure among other things, his arm, including its nerves, ligaments, tissue,

18  bones, muscles and other anatomical material, and because of said injuries, Plaintiff David

19  Mendoza was caused to be committed to the care and treatment of skilled physicians, surgeons,

20  nurses and hospitals, that as a result of the intense and excruciating pain it became necessary

21  that Plaintiff David Mendoza be administered sedatives and pain medication in an effort and

22  attempt to relieve the physical pain and suffering sustained by said Plaintiff, and as a further

1 ~~result of said injuries Plaintiff has had to undergo medical treatments, and will in the future be~~

2 ~~required to continue in the care of physicians, surgeons and nurses, the exact extent of which is~~

3 ~~at the present time unknown, to Plaintiffs' damages, and are at this time unable to supply the~~

4

5 ~~itemized actual damages and costs of physicians services, hospital costs, medical and surgical~~

6 ~~appliances and treatments, and loss of earnings from his employment, but upon request of this~~

7 ~~Court, and at the proper time, said itemized statements will be supplied.~~

8
~~XXXI.~~
9

10 ~~That as a further result of the negligent, careless and wrongful acts of negligence and~~

11 ~~gross negligence aforedescribed, the Plaintiff David Mendoza was permanently injured and~~

12
~~suffered severe, lasting, permanent and catastrophic injuries concerning, but not limited to, his~~
13

14 ~~ability to work, grab, clench, grip, grasp, catch, hold, pick up, extend his arm and ability to~~

15 ~~move his arm like a human being ever again, and to live life as previously has been permanently~~

16 ~~affected and disturbed, with loss of sensory sensations and feelings on his arm and upper~~

17 ~~extremities directly affecting the muscle structure and the nervous structure and circulatory~~

18
~~system of his arm. As a further direct result of Defendants' grossly negligent, careless and~~
19

20 ~~reckless acts, Plaintiff David Mendoza is now permanently disabled and forced to a life of pain~~

21 ~~and suffering. In addition to the above, Plaintiff David Mendoza will require medical care and~~

22 ~~treatment for the rest of his natural life, all to his detriment and damages.~~

23
~~XXXII.~~
24

25 ~~That Plaintiff David Mendoza as a direct and proximate result of said permanent and~~

26 ~~catastrophic injuries so received as a direct and proximate result of the negligence of the~~

~~Defendants as aforesaid, has suffered great, grievous, permanent, physical, psychological and~~

1   mental pain and anguish and will continue so to suffer for the rest of his natural life, and that

2   Plaintiff believes and is informed that some of said injuries and their consequences are

3   permanent in nature, and as a further result of said injuries so sustained, Plaintiff has been

4   unable to pursue his normal activities, business, duties and habits and also must remain under

5   the care of physicians for an unknown period of time in the future, all to his detriment and

6

7   damage in that sum as is reasonable and just to the court.

8                                          XXXIII.

9

10          In addition to the above, the Plaintiff has incurred medical expenses for the services of

11   physicians, hospitals and nursing care, the exact amount of which is unknown to the Plaintiff at

12   present, which will be supplied to this Court at a later date.

13                                          XXXIV.

14

15          That by reason of Defendants' gross negligence and each of them, Plaintiff David

16   Mendoza was caused to be permanently and catastrophically injured during all of which has

17   suffered and will continue to suffer great pain and was and will be prevented from transacting

18   and attending to his business and family affairs as previously; and that he sustained certain,

19

20   lasting, and permanent injuries which render him permanently scarred, diminished and disabled

21   so that he cannot pursue usual private, familiar and professional occupations as before, and that

22   the Plaintiff David Mendoza being a very young man of twenty-eight (28) years of age in the

23

24   prime of life, at the beginning of efficiency and earning power, has had his earning capacity

25   permanently impaired, which exact amount is currently unknown but will be supplied to the

26   Court.

1

~~XXXV.~~

2

~~That the conduct on the part of Defendants, and each of them, was negligent, reckless,~~

3

4

~~careless, wanton and willful in that the likelihood of harm was highly probable and the result~~

5

~~and foreseeable harm was devastating.~~

6

~~WHEREFORE, Plaintiff David Mendoza prays for judgment against the Defendants, and~~

7

~~each of them, as follows:~~

8

9

~~1.     For that amount as is reasonable and just as and for compensatory damages to the~~

10

~~Plaintiff, including for the severe pain, grief, sorrow, anguish, stress, shock and mental suffering~~

11

~~experienced by Plaintiff;~~

12

~~2.     For the amount necessary as and for medical expenses incurred herein and to be~~

13

14

~~incurred in the future to be supplied at a later date;~~

15

~~3.     For loss of income to Plaintiffs to date and to be incurred in the future;~~

16

~~4.     For the loss of earning power;~~

17

~~5.     For costs of suit incurred; and~~

18

~~6.     For such other and further relief as to the Court may seem just and proper in the~~

19

20

~~premises.~~

21

~~**SECOND CLAIM FOR RELIEF**~~

22

23

~~**I.**~~

24

25

~~Plaintiff                          hereby realleges and adopts all the allegations contained~~

26

~~in the previous claims for relief, counts and paragraphs, and incorporates the same by reference,~~

~~the same as though fully set forth at length herein.~~

## ~~II.~~

~~That prior to the time of the injuries to Plaintiff David Mendoza, he was a young twenty-eight (28) year old male in the prime of his life and was fully capable of performing and actually did perform all of the usual duties as a father and was a loving and pleasing father to Plaintiff and he received much comfort and happiness in his society and companionship. By reason of his permanent and catastrophic injuries, the Plaintiff David Mendoza is now forced into a permanently disabled and scarred life and has been unable to perform the fatherly duties which he had previously performed, and Plaintiff has been sadly deprived of his income, care, support and services as his son, and his comfort and happiness in his society and companionship have been impaired; and Plaintiff is informed and believes that his loss of his father's consortium and his incapacity to do his duties will continue for an indefinite time in the future, all to Plaintiff's damage in that sum found reasonable and just.~~

~~**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:~~

~~1.     For a sum that is reasonable and just as and for damages for the severe, pain, grief, sorrow, anguish, stress, shock and mental suffering experienced by the minor beneficiaries' and reasonable probable to be experienced in the future caused by the loss of their adored father.~~

~~2.     For the loss of love, affection, companionship, care, protection, guidance, and consortium suffered by minor Plaintiff because of the severe personal injuries sustained by his father, David Mendoza, and into the future.~~

~~3.     For a sum that is reasonable and just in the premises as and for the damages for pain and suffering experienced by minor Plaintiff.~~

1    ~~4.      For the loss of services of or incurred by Plaintiff.~~

2    ~~5.      For that sum that is reasonable and just for the special damages and/or~~

3    ~~professional care provided to and incurred by Plaintiff.~~

4

5    ~~6.      For loss of consortium in a just and reasonable amount.~~

6    ~~7.      For costs of suit incurred herein.~~

7    ~~8.      For such other different or further relief as the Court and jury may deem just and~~

8    ~~proper in the premises.~~

9
                              ~~**JURY TRIAL DEMAND**~~
10
11   ~~Plaintiff demands a jury trial.~~

12
                                        _____
13                                      Luís P. Guerra
                                        David C. Shapiro
14                                      LUIS P. GUERRA, L.L.C.
                                        5500 N. 24th Street
15                                      Phoenix, Arizona  85016
                                            Attorney for Plaintiff
16

17

18

19

20

21

22

23

24

25

26

1 | SCOTT H. ZWILLINGER (019645)
2 | **GOLDMAN & ZWILLINGER PLLC**
   | 7047 E. Greenway Parkway, Suite 150
3 | Scottsdale, Arizona 85254
4 | (480) 624-2783
   | (480) 383-6224 (Fax)
5 | E-mail: docket@gzlawoffice.com
6 | Attorney for the Plaintiff

7 | LUIS P. GUERRA (015768)
   | DAVID C. SHAPIRO (028056)
8 | **LAW OFFICES OF LUIS P GUERRA LLC**
9 | 6225 N. 24th Street, Suite 125
   | Phoenix, Arizona 85016
10 | (602) 381-8400
11 | Attorneys for the Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| DAVID DOMINGUEZ MENDOZA, individually and as the natural father and next friend for and on behalf of his natural child, a minor, | No. CV2012-004210 |
| Plaintiff, | **AMENDED COMPLAINT** |
| v. | **(Tort Non-Motor Vehicle)** |
| CITY OF PEORIA, a municipality, by and through its Police Department, an Agency of the City of Peoria; CITY OF PEORIA POLICE DEPARTMENT, an Agency of the City of Peoria; OFFICER AARON BREWER and JANE DOE BREWER; husband and wife; DOES I through XX, inclusive; ABC PARTNERSHIPS I through XX, inclusive; and BLACK CORPORATIONS I through XX, inclusive, | **(Jury trial requested)** (Assigned to the Honorable Maria Del Mar Verdin) |
| Defendants. | |

1

**COME NOW** the Plaintiffs above-named, by and through their attorneys Goldman & Zwillinger, PLLC and Luis P. Guerra, LLC, for their causes of action, and claims for relief against the Defendants, and each of them, allege as follows:

<div align="center">

**PARTIES, JURISDICTION, AND VENUE**

</div>

1.    That Plaintiff David Mendoza brings this action individually, and as natural father and next friend, on behalf of his minor child, Plaintiff

2.    Defendants City of Peoria (the "City") is a municipality in Maricopa County, Arizona that acts by and through its officials, employees, and agents, including without limitation each of the other Defendants in this action and that is vicariously liable for the acts and omissions of its officials, employees, and agents., including without limitation Officer Aaron Brewer.

3.    Defendant City of Peoria Police Department (the "Police Department") is the Police Department of the City and was organized, existing and operating under and by Arizona State law pursuant to the authority granted to the City. The Police Department is vicariously liable for the acts and omissions of its officials, employees and agents, including without limitation Defendant Officer Aaron Brewer.

4.    Defendant Officer Aaron Brewer is a sworn peace officer employed by the Police Department as a K-9 officer.

5.    Defendants DOES I through XX, ABC PARTNERSHIPS I through XX and BLACK CORPORATIONS I through XX, inclusive, are individuals, corporations, partnerships or business entities which caused the events complained of to occur in the State of Arizona. Because Defendants have failed to comply with A.R.S. § 39-121 *et seq.* and refused to produce copies of public records that relate to the maters at issue in this Complaint, Plaintiffs do not know the true identities of said Defendants. However, Plaintiffs will amend this Complaint when the names of the Defendants become known pursuant to Rule 10(f), Arizona Rules of Civil Procedure.

6.      At all said times each of the Defendants was a joint tortfeasors with each of the above named Defendants and thus is concurrently and jointly and severally liable for the acts and omissions herein described or otherwise secondarily liable for such acts and omissions.

7.      Alternatively, at all times mentioned herein, Defendants, and each of them, were the agents, joint venturers, servants and employees of the other Defendants, who were at all times acting within the course and scope of said agency, service and employment. As a result, at all times herein mentioned Defendants and each of them are responsible and vicariously liable and/or derivatively responsible for the brutal, severe and permanent injuries of Plaintiff David Mendoza and for all of the actions, conduct, omissions and fault, responsibility, negligence, gross negligence, reckless, willfulness and carelessness of its departments, agencies, agents, servants, employees, officers, sergeants and supervisors under the doctrine of respondeat superior.

8.      Further, the careless, reckless, negligent and grossly negligent acts, omissions, misfeasance and nonfeasance carried out by each and every employee or agent of each and every agency, municipality, corporation or business of Defendants was authorized, ordered and directed by the respective Defendants' municipal, county, administrative agency, corporate and business employees, officers, directors, supervisors, sergeants and/or managing agents.

9.      Each Defendants' employees, officers, directors, supervisors, sergeants and/or managing agents had advance knowledge of, authorized and participated in the herein described acts, conduct, misfeasance and nonfeasance of their employees, agents and each of them.

10.     In addition thereto, upon completion of the aforesaid acts, conduct, misfeasance and nonfeasance of the employees and agents, Defendants ratified, accepted the benefits of, condoned and approved of each and all of the said acts, conduct or nonfeasance.

11.     For purposes of Plaintiffs claims that arise under Federal Law, including without limitation the United States Constitution and 42 U.S.C. § 1983 et seq, and as maybe relevant to Plaintiffs' State law claims, at all relevant times described herein Defendants were acting under color of state law.

3

1     12.    This Court has jurisdiction over this matter pursuant to Article 6, Section 14 of

2 the Arizona Constitution.

3     13.    The amount in controversy exceeds the minimum jurisdictional and mandatory

4 arbitration limits of this Court.

5     14.    Plaintiff has served a notice of claim on defendants in compliance with A.R.S. §

6 12-821.01.  More than sixty days has expired since Plaintiff served his notice of claim and

7 Defendants have not responded in any manner whatsoever to said notice of claim.

8     15.    Venue is proper in this Court as the acts and omissions herein complained of

9 occurred in the County of Maricopa, State of Arizona.

10                 **GENERAL ALLEGATIONS**

11     16.    Plaintiffs hereby reallege and adopt all the allegations contained in the previous

12 and paragraphs, and incorporates the same by reference as though fully set forth at length

13 herein.

14     17.    On or about February 23, at approximately 21:00 hours, Plaintiff David Mendoza

15 was violently, permanently and seriously injured by the Police Department via the actions and

16 omissions of its SWAT team and canine police officers.

17     18.    Specifically, Mr. Mendoza, was residing at his home and residence at 10214 W.

18 Pasadena Avenue Phoenix, AZ 85307 (the "Property"), when the Police Department purported

19 to execute a search warrant (the "Search Warrant") at the Property.

20     19.    Pursuant to the Search Warrant, the Police Department's officers and police

21 dogs, including but not limited to Defendants' K9 Officer Aaron Brewer, entered the Property

22 and violently apprehended Plaintiff David Mendoza with their vicious police dog.

23     20.    Plaintiff David Mendoza fully and completely cooperated with the officers and

24 did not threaten, agitate, attack or make any aggressive moves against any of the officers,

25 including Defendant Officer Brewer and his police dog.

26     21.    As a result, David did not pose a threat or danger to anyone and Defendants

27 knew or reasonably should have known this.

28

22.    However, without justification in direct violation of the applicable police dog policies and procedures, Defendants, including Defendant Officer Brewer, used excessive, unjustified and unreasonable force against David when they either directed, instructed and caused a police dog to violently bite David, or failed to control and deploy a police dog appropriately such that said dog was able to violently bite David. .

23.    As a result of that vicious dog bite, David sustained severe and permanent injuries, including without limitation volar wounds, dorsal wounds, and infection wounds with necrosis, permanent, gruesome, and disfiguring scars.

24.    Prior to sustaining injury David was twenty-eight (28) year old male in the prime of his life who was employed full time as a laborer.

25.    As a direct and proximate result of Defendants' actions and omissions, David has suffered pain, discomfort, suffering, disability, disfigurement and anxiety already experienced and reasonably probable to be experienced in the future as a result of the injuries.  Because Plaintiff is still treating for injuries, the full extent of Plaintiff's injuries are at this time unknown.

26.    As a further direct and proximate result of Defendants' actions and omissions, Plaintiff was caused to incur various medical and medically related expenses in an amount to be proven at trial.

27.    As a further direct and proximate result of Defendants' actions and omissions David has sustained a loss of earning capacity, in an amount to be proven at the time of trial.

28.    David was also a loving and caring father that each and every day performed all of the usual duties of a father to Plaintiff

29.    Indeed, David was a loving and pleasing father who provided constant comfort, happiness, companionship, guidance, and support to

30.    However, as a direct and proximate result of the permanent injuries sustained by David as a result of the actions and omissions of Defendants, David is now permanently disabled and scarred is unable to fully and completely provide financial support for his family,

1  including          and is unable to perform the fatherly duties which he had previously
2  performed.

3        31.    Further, as a direct and proximate result of the injuries sustained by David as a
4  result of the actions and omissions of Defendants,          has been sadly deprived of his income,
5  care, support and services as his son, and his comfort and happiness in his society and
6  companionship have been impaired.

7                                   **COUNT I**
8                          **(Negligence and Gross Negligence)**

9        32.    Plaintiffs re-allege and incorporate by reference the allegations set forth in the
10 preceding paragraphs of this Complaint.

11        33.    At all relevant times, each and every Defendant had a duty to exercise ordinary
12 care towards David, including the duty to take certain actions and refrain from other actions
13 such that force was not used against David without valid reason or justification.

14        34.    Defendants breached that duty by both using force against David with out a valid
15 reason or justification and using force in a degree that was excessive and improper.

16        35.    As a direct and proximate result of Defendants' breach, David has been damaged
17 in that he has, among other things, sustained severe and permanent injuries, suffered extreme
18 pain and suffering, lost the enjoyment of life, lost the ability to have and maintain his familial
19 relationships to the fullest extent, incurred current and future medical expenses, lost income
20 and sustained other damages that will be demonstrated at trial.

21        36.    Additionally, as a direct and proximate result of Defendants' breach          has
22 been damaged in that his relationship with his father has been damaged such that          does not
23 receive the same emotional and financial support as set forth above.

24        37.    Defendants acts and omissions set forth above, also demonstrate gross and
25 wanton negligence in that each of them knew or had reason to know that their acts individually
26 and collectively created an unreasonable risk of bodily harm to Davd and a high probability
27 that substantial harm would result.

28                                  **COUNT II**

                                        6

**(Negligent Hiring, Training, Supervision and Retention)**

38.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

39.     Defendants the City and the Police Department owed a duty to Plaintiffs to ensure that their employees, officers, agents, and independent contractors were qualified to serve in their respective roles before hiring and assigning employees to specific duty posts.

40.     Defendants the City and the Police Department also owed Plaintiffs a duty to ensure that their employees, officers, agents, and independent contractors were properly trained and possessed the skill and knowledge to perform their assigned job tasks in a competent manner.

41.     Defendants the City and the Police Department also owed Plaintiffs a duty to ensure that their employees, officers and agents were properly supervised in their assigned job tasks, including issuing appropriate discipline and terminating those individuals who demonstrated an inability to perform their assigned job tasks.

42.     Defendants the City and the Police Department breached these duties.

43.     Among other things, Defendants failed to follow the reasonable policies and procedures governing use of force, police dogs, and any and all other applicable policies and procedures.

44.     As a direct and proximate result of Defendants' breaches of these duties, David has been damaged in that he has, among other things, sustained severe and permanent injuries, suffered extreme pain and suffering, lost the enjoyment of life, lost the ability to have and maintain his familial relationships to the fullest extent, incurred current and future medical expenses, lost income and sustained other damages that will be demonstrated at trial.

45.     Additionally, as a direct and proximate result of Defendants' breach,          has been damaged in that his relationship with his father has been damaged such that          does not receive the same emotional and financial support as set forth above.

**COUNT III**

**(Strict Liability pursuant to A.R.S. § 11-1025)**

7

46.   Plaintiffs hereby reallege and adopt all the allegations contained in the previous claims for relief, counts and paragraphs, and incorporates the same by reference, the same as though fully set forth at length herein.

47.   That on or about February 23, 2011, Plaintiff David Mendoza was lawfully and peacefully residing on his private property when a police dog owned by Defendants, grossly negligently, unjustifiably and violently bit, injured, wounded and severely maimed Mr. Mendoza. Accordingly, Defendants, as the owners of said police dog and upon information and belief are without the applicable statutory exemptions, are strictly liable pursuant to A.R.S.§ 11-1025.

## COUNT IV

### (Negligent/Grossly Negligent Use of Excessive Force)

48.   Plaintiffs hereby reallege and adopt all the allegations contained in the previous claims for relief, counts and paragraphs, and incorporates the same by reference, the same as though fully set forth at length herein.

49.   Defendants owed Plaintiffs not only the duty to act as would a reasonably careful and prudent police department but also to not use unreasonable, unwarranted and excessive force or to inflict bodily harm in order to effect arrest.

50.   On or about February 23, at approximately 21:00 hours, the Peoria Police Department, the Peoria SWAT team and their police dogs were grossly negligent, used excessive, unwarranted, unjustified, and unreasonable force when their police dog violently bit, injured, wounded and severely maimed Mr. Mendoza.

51.   Therefore, Defendants breached said duties when Defendants used unreasonable and excessive force that directly and proximately resulted in bodily harm upon Plaintiff Mendoza, including the aforementioned devastating and permanent injuries.

## COUNT V

### (Animal Liability pursuant to common law)

8

52.   Plaintiffs hereby reallege and adopt all the allegations contained in the previous claims for relief, counts and paragraphs, and incorporates the same by reference, the same as though fully set forth at length herein.

53.   That on or about February 23, 2011, Plaintiff David Mendoza was lawfully and peacefully residing on his private property when a police dog owned, possessed, trained and commanded, by Defendants, gross negligently, unjustifiably and violently bit, injured, wounded and severely harmed Mr. Mendoza.  Defendants, who were the owners or possessors of said dog, knew or had to reason to know of the dog's dangerous propensities abnormal to its class.

54.   In Arizona, a possessor of a domestic animal that he knows or has reason to know has dangerous propensities abnormal to its class, is subject to liability for harm done by the animal to another, although he has exercised the utmost care to prevent it from doing the harm.  Here, Defendants were the owners and/or possessors of the subject dog and also knew or had reason to know that the subject dog had dangerous propensities abnormal to its class.  Therefore, Defendants are subject to liability for the harm done by their animal to Plaintiff Mendoza.

## COUNT VI
### (Negligence/Gross Negligence Per Se)

55.   Plaintiffs hereby reallege and adopt all the allegations contained in the previous claims for relief, counts and paragraphs, and incorporates the same by reference, the same as though fully set forth at length herein.

56.   On or about February 23, at approximately 21:00 hours, the Peoria Police Department, the Peoria SWAT team and their police dogs were grossly negligent used excessive, unwarranted, unjustified and unreasonable force when their police dog violently bit, injured, wounded and severely maimed Mr. Mendoza.

57.   Pursuant to A.R.S. § 13-3881(B), Defendants owed Plaintiffs the duty not to use unnecessary or unreasonable force in making an arrest.  Here, Defendants' violation of A.R.S.

9

1 § 13-3881(B) in utilizing unnecessary, unreasonable and unjustified force in arresting Plaintiff

2 Mendoza directly and proximately caused his devastating and serious injuries.

3                                    **COUNT VII**

4                                    **(Assault)**

5        58.    Plaintiffs hereby reallege and adopt all the allegations contained in the previous

6 claims for relief, counts and paragraphs, and incorporates the same by reference, the same as

7 though fully set forth at length herein.

8        59.    Prior to February 23, 2011, Defendants knew that its agents, employees, officers,

9 SWAT team members and police dog had the propensity to commit harmful contact with

10 persons such as Plaintiff Mendoza.  On or about February 23, 2011 at approximately 21:00

11 hours, the Peoria Police Department, the Peoria SWAT team and their police dogs acted

12 grossly negligently and with intent and intentionally harmed Plaintiff Mendoza when their

13 police dog violently bit, injured, wounded and severely maimed Mr. Mendoza.

14        60.    A public entity is liable for the tort of assault when 1) it knows that its agents,

15 employees, officers, SWAT team members and police dogs has the propensity to commit

16 assault and 2) one of its employees acts with intent to cause a harmful or offensive contact or

17 imminent apprehension thereof.

18        61.    Here, Defendants not only knew that its agents, employees, officers, SWAT team

19 members and police dog had the propensity to commit assault, but said agents, employees,

20 officers, SWAT team members and police dog did act with intent to cause a harmful contact,

21 resulting in Mr. Mendoza's devastating injuries previously described herein.  Accordingly,

22 Defendants are liable for the tort of assault.

23                                    **COUNT VIII**

24                                    **(Battery)**

25        62.    Plaintiffs hereby reallege and adopt all the allegations contained in the previous

26 claims for relief, counts and paragraphs, and incorporates the same by reference, the same as

27 though fully set forth at length herein.

28

                                          10

63.   Prior to February 23, 2011, Defendants knew that its agents, employees, officers, SWAT team members and police dog had the propensity to commit harmful contact with persons such as Plaintiff Mendoza.  On or about February 23, 2011 at approximately 21:00 hours, the Peoria Police Department, the Peoria SWAT team and their police dogs intentionally harmed Plaintiff Mendoza when their police dog violently bit, injured, wounded and severely maimed Mr. Mendoza.

64.   A public entity is liable for the tort of battery when 1) it knows that its agents, employees, officers, SWAT team members and police dogs has the propensity to commit battery and 2) one of its employees acts intentionally harms another person.  Here, Defendants not only knew that its agents, employees, officers, SWAT team members and police dog had the propensity to commit battery, but said agents, employees, officers, SWAT team members and police dog intentionally harmed Mr. Mendoza causing the aforementioned devastating injuries.  Accordingly, Defendants are liable for the tort of battery.

**COUNT IX**

**(Intentional Infliction of Emotional Distress)**

65.   Plaintiffs hereby reallege and adopt all the allegations contained in the previous claims for relief, counts and paragraphs, and incorporates the same by reference, the same as though fully set forth at length herein.

66.   On or about February 23, 2011, Mr. Mendoza was lawfully and peacefully residing at his home when Defendants' officers, agents, SWAT team members and police dog arrived at Mr. Mendoza's residence.  Mr. Mendoza had no weapons and never provoked, threatened, intimated or endangered any of Defendants' police officers, agents, employees, SWAT team or police dog.  Still, Defendants grossly negligently, intentionally, consciously and recklessly disregarded the life of Plaintiff Mendoza in that they knew that serious physical injury and severe emotional distress was the probable consequence of their negligent and reckless acts and caused devastating, serious and permanent injuries to Plaintiff Mendoza, including severe emotional distress.

11

67.     Defendants are liable for the tort of intentional infliction of emotional distress if they (1) engaged in "extreme" and "outrageous" conduct, (2) intended to cause emotional distress or "recklessly disregarded the near certainty that such distress will result," and (3) actually caused Plaintiff to suffer "severe emotional distress." Here, Defendants grossly negligently, recklessly disregarded the near certainty that severe emotional distress would occur when Defendants committed violent, unjustified and harmful conduct against Mr. Mendoza's person resulting in severe emotional distress to Plaintiffs.

## COUNT X

### (Violation of Civil Rights – 42 U.S.C. § 1983)

68.     Plaintiffs hereby reallege and adopt all the allegations contained in the previous claims for relief, counts and paragraphs, and incorporates the same by reference, the same as though fully set forth at length herein.

69.     The United States Constitution, including the Fourth and Fourteenth Amendments, forbids one who acts under color of law from using force that is excessive or unjustified.

70.     At all relevant times, Defendants were acting under color of law.

71.     At all relevant times, David was under Defendants' control, was obeying their orders, whether lawful or not, and did not pose a danger to anyone.

72.     Defendants, including Defendant K9 Officer Brewer violated the United States Constitution, including the Fourth and Fourteenth Amendments, by using force that was excessive and unjustified against David as set forth above.

73.     Defendants' conduct in this regard was objectively unreasonable and was undertaken with willful, reckless and malicious indifference to the constitutional rights of David and with no regard to the likelihood that harm would and did result.

## COUNT X

### (Loss of consortium, income, care, affection, love, companionship, protection and guidance)

12

74.   Plaintiffs, hereby reallege and adopts all the allegations contained in the previous claims for relief, counts and paragraphs, and incorporates the same by reference, the same as though fully set forth at length herein.

75.   As a direct and proximate cause of Defendants' use of excessive and unjustified force, Plaintiff David Mendoza was caused to be permanently and catastrophically injured during all of which has suffered and will continue to suffer great pain and was and will be prevented from transacting and attending to his business and family affairs as previously; and that he sustained certain, lasting, and permanent injuries which render him permanently scarred, diminished and disabled so that he cannot pursue usual private, familiar and professional occupations as before, and that the Plaintiff David Mendoza being a very young man of twenty-eight (28) years of age in the prime of life, at the beginning of efficiency and earning power, has had his earning capacity permanently impaired, which exact amount is currently unknown but will be supplied to the Court.

76.   Accordingly, David has as more fully set forth above, sustained severe and permanent injuries, suffered extreme pain and suffering, lost the ability to have and maintain meaningful complete and full familial relationships, incurred current and future medical expenses, lost income and sustained other damages that will be demonstrated at trial.

77.   As a direct and proximate cause of Defendants' use of excessive and unjustified force,         has, as more fully set forth above, sustained severe and permanent injuries in that he has lost the ability to have a complete and full familial relationship with his father as will be demonstrated at trial.

78.   Additionally, as a direct and proximate cause of Defendants' use of excessive and unjustified force, David has catastrophically lost the ability to provide the consortium, income, care, affection, love, companionship, protection and guidance he once provided to his son, Plaintiff                        prior to the devastating injuries.

79.   The acts and omissions of Defendants were of such a nature to entitle Plaintiffs to an award of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

13

**PRAYER FOR RELIEF**

1

2     WHEREFORE, Plaintiffs David and          Mendoza pray for judgment against the

3  Defendants, and each of them, as follows:

4     A.     For that amount as is reasonable and just as and for compensatory damages to the

5  Plaintiffs, including for the severe pain, grief, sorrow, anguish, stress, shock and mental

6  suffering experienced by Plaintiffs;

7     B.     For the amount necessary as and for medical expenses incurred herein and to be

8  incurred in the future to be supplied at a later date;

9     C.     For loss of income to Plaintiffs to date and to be incurred in the future;

10    D.     For the loss of earning power;

11    E.     For a sum that is reasonable and just as and for damages for the severe, pain,

12  grief, sorrow, anguish, stress, shock and mental suffering experienced by          nd reasonable

13  probable to be experienced in the future caused by the loss of his adored father.

14    F.     For the loss of love, affection, companionship, care, protection, guidance, and

15  consortium suffered by          because of the severe personal injuries sustained by his father,

16  David Mendoza, and into the future.

17    G.     For that sum that is reasonable and just for the special damages and/or

18  professional care provided to and incurred by Plaintiff.

19    H.     For loss of consortium in a just and reasonable amount.

20    I.     For costs of suit incurred herein.

21    J.     For punitive and exemplary damages against the Defendants, in an amount

22  appropriate to punish the wrongful conduct alleged herein and to deter such conduct in the

23  future, as provided for by 42 U.S.C. § 1983 et seq.;

24    K.     For costs of suit incurred, including all incurred attorneys' fees and court costs,

25  pursuant to 42 U.S.C. § 1988 and as otherwise authorized by any other statute or law; and

26    L.     For such other and further relief as to the Court may seem just and proper in the

27  premises.

28                    **JURY TRIAL DEMAND**

14

1  <u>Plaintiff hereby demands a trial by jury in this matter on all causes of action asserted</u>

2  <u>now or in the future.</u>

3
4           RESPECTFULLY SUBMITTED this ⁊ day of January, 2013.

5
6                                        /s/ Scott H. Zwillinger
7                                        Scott H. Zwillinger
                                         GOLDMAN & ZWILLINGER PLLC
8                                        7047 E. Greenway Parkway, Suite 150
9                                        Scottsdale, Arizona 85254

10                                       Luís P. Guerra
                                         David C. Shapiro
11                                       LUIS P. GUERRA, L.L.C.
                                         6225 N. 24th Street, Suite 125
12                                       Phoenix, Arizona  85016
                                         Attorneys for Plaintiff
13
14  **ORIGINAL** E-Filed and a
    **COPY HAND-DELIVERED**
15  this ⁊ day of January, 2013, to:
16
17  Honorable Maria Del Mar Verdin
    Maricopa County Superior Court
18  Old Courthouse - 3
19  125 West Washington
    Phoenix, AZ 85003-2275
20
21  **COPY** of the foregoing mailed
    this ⁊ day of January, 2013, to:
22
23  Michael Wawro, Esq.,
    Office of the City Attorney
24  City of Peoria
25  8401 West Monroe Street, Room 280
    Peoria, Arizona  85345
26  Attorneys for Defendant City of Peoria
27  [signature]
28

                        15

**B&B Attorney Service, LLC**
77 East Columbus Avenue, Suite 209
Phoenix, AZ 85012
Ph: 602-263-0012

MICHAEL K. JEANES, CLERK
RECEIVED CCC #1
NIGHT DEPOSITORY

12  JUN -4  PM 3: 44

FILED

BY *Smith*, DEP

### SUPERIOR COURT OF ARIZONA
### MARICOPA COUNTY

**DAVID DOMINGUEZ MENDOZA,**
**individually and as the natural father and next**
**friend for and on behalf of his natural child,**
**a minor,**

Plaintiff(s),

vs.

**CITY OF PEORIA, a municipality, by and**
**through its Police Department, an Agency of the**
**City of Peoria; et al.,**

Defendant(s),

**CASE NO. CV2012-004210**

**AFFIDAVIT OF SERVICE**

STATE OF ARIZONA )
County of Maricopa      ) ss.

The affiant, being sworn, states: That I am a private process server registered in County of Maricopa and an Officer of the Court.

On **05/29/2012**, I received from **LUIS P. GUERRA - #015768** of **LAW OFFICE OF LUIS P. GUERRA, L.L.C.**, the following documents: **SUMMONS; COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION.**

I personally served a copy of each document listed above on those named below in the manner and at the time and place shown:

Upon: **CITY OF PEORIA, by serving the CITY CLERK,** by leaving 1 true copy(ies) with **DEBBIE ALTMAN, RECORDS ASSISTANT,** who is authorized to accept service, in person, at **8401 WEST MONROE STREET, PEORIA, MARICOPA COUNTY, AZ 85345,** at the hour of **4:18 PM,** on **05/30/2012.**

Description :

Sex: **Female** - Skin: **Caucasian** - Hair: **Red** - Age: **50** - Height: **5'9"** - Weight: **165**

**K. Pikop**                                      Affiant

Subscribed and sworn to before me on

this 4th day of June, 2012

Notary Public

Client/Atty File#:

| | | |
|---|---|---|
| Service of Process | $ | 16.00 |
| Mileage | $ | 33.60 |
| Proof of Service/Notary | $ | 9.00 |
| **TOTAL:** | **$** | **58.60** |

**\*7707\***

ALMIR BOSNIC
Notary Public-Arizona
Maricopa County
Expires 08/17/2014

*Law Offices of*
*LUIS P. GUERRA, L.L.C.*
*5500 N. 24th Street*
*Phoenix, Arizona 85016*
*(602) 381-8400*
Luis P. Guerra, #015768
David C. Shapiro, #028056
*Attorneys for Plaintiffs*

MICHAEL K. JEANES, CLERK
RECEIVED CCC #1
NIGHT DEPOSITORY

12   JUN -4  PH 3: 44

FILED

BY _~S Smith_ , DEP

ORIGINAL

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

DAVID DOMINGUEZ MENDOZA,
individually and as the natural father and
next friend for and on behalf of his
natural child,
          a minor,

                    Plaintiffs,

v.

CITY OF PEORIA, a municipality, by
and through its Police Department, an
Agency of the City of Peoria; CITY OF
PEORIA POLICE DEPARTMENT, an
Agency of the City of Peoria; DOES I
through XX, inclusive; ABC
PARTNERSHIPS I through XX,
inclusive; and BLACK
CORPORATIONS I through XX,
inclusive,

                    Defendants.

No. CV CV2012-004210

**SUMMONS**

IF YOU WANT THE ADVISE OF A LAWYER, YOU MAY
WISH TO CONTACT THE LAWYER REFERRAL SERVICE AT
602-257-4434 OR ONLINE AT WWW.LAWYERSFINDERS.ORG
LRS IS SPONSORED BY THE MARICOPA COUNTY
BAR ASSOCIATION.

THE STATE OF ARIZONA TO:

CITY OF PEORIA, a municipality, by and through its Police Department, an Agency of the
City of Peoria;
CITY OF PEORIA POLICE DEPARTMENT, an Agency of the City of Peoria;
DOES I through XX;
ABC PARTNERSHIPS I through XX;
BLACK CORPORATIONS I through XX

1     **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the
time applicable, in this action in this Court. If served within Arizona, you shall appear and
2 defend within 20 days after the service of the Summons and Complaint upon you, exclusive of
the day of service. If served out of the State of Arizona – whether by direct service, by
3 registered or certified mail, or by publication – you shall appear and defend within 30 days
after the service of the Summons and Complaint upon you is complete, exclusive of the day of
4 service. Where process is served upon the Arizona Director of Insurance as an insurer's
attorney to receive service of legal process against it in this state, the insurer shall not be
5 required to appear, answer, or plead until the expiration of 40 days after date of such service
upon the Director. Service by registered or certified mail without the State of Arizona is
6 complete 30 days after the date of filing the receipt and affidavit of service with the Court.

7     Service by publication is complete 30 days after the date of first publication. Direct
service is complete when made. Service upon the Arizona Department of Motor Vehicles
8 Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt
or Officer's return. Ariz. R. Civ. P. 4; A.R.S. §§ 20-222, 38-503.
9

    Requests for reasonable accommodation for persons with disabilities must be made to
10 the division assigned to the case by parties at least three (3) judicial days in advance of a
scheduled court proceeding.
11

    **YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend
12 within the time applicable, judgment by default may be rendered against you for the relief
demanded in the Complaint.
13

    **YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer
14 or proper response in writing with the Clerk of this Court, accompanied by the necessary filing
fee, within the time required and you are required to serve a copy of any Answer or response
15 upon the attorney for plaintiffs. Ariz. R. Civ. P. Rule 5 and 10(d); A.R.S. § 12-311.

16     The name and address of the attorneys for plaintiff are:

17                    Luis P. Guerra, Esq.
                   David C. Shapiro, Esq.
18                  LUIS P. GUERRA, L.L.C.
                  5500 N. 24th Street
19                  Phoenix, Arizona 85016
                   (602) 381-8400
20

   **SIGNED AND SEALED** this date: _____ FEB 1 7 2012 _____
21

           **Michael K. Jeanes, Clerk of the Superior Court**
22            **MICHAEL K. JEANES, CLERK**

23

24           **By:** _____
                Deputy Clerk
25

26

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
Nikole Rae McKinney
1/8/2013 9:06:00 AM
Filing ID 5062334

1  SCOTT H. ZWILLINGER (019645)
2  **GOLDMAN & ZWILLINGER PLLC**
   7047 E. Greenway Parkway, Suite 150
3  Scottsdale, Arizona 85254
   (480) 624-2783
4  (480) 383-6224 (Fax)
5  E-mail: docket@gzlawoffice.com
   Attorney for the Plaintiff
6
7  LUIS P. GUERRA (015768)
   DAVID C. SHAPIRO (028056)
8  **LAW OFFICES OF LUIS P GUERRA LLC**
9  6225 N. 24th Street, Suite 125
   Phoenix, Arizona 85016
10 (602) 381-8400
11 Attorneys for the Plaintiff

12              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
13
14                  IN AND FOR THE COUNTY OF MARICOPA

15 DAVID DOMINGUEZ MENDOZA,        )   No. CV2012-004210
   individually and as the natural father and )
16 next friend for and on behalf of his )
   natural child,                 )
17             a minor,           )   **NOTICE OF LODGING**
18             Plaintiff,         )
19                               )
   v.                            )
20                               )
   CITY OF PEORIA, a municipality, by )
21 and through its Police Department, an )  (Assigned to the Honorable Maria Del
   Agency of the City of Peoria; CITY OF )   Mar Verdin)
22 PEORIA POLICE DEPARTMENT, an )
   Agency of the City of Peoria; OFFICER )
23 AARON BREWER and JANE DOE )
   BREWER; husband and wife; DOES I )
24 through XX, inclusive; ABC )
   PARTNERSHIPS I through XX, )
25 inclusive; and BLACK )
   CORPORATIONS I through XX, )
26 inclusive,                    )
27             Defendants.        )
28

                                    1

1   Pursuant to the Court's December 5, 2012 Minute Entry, Plaintiff hereby gives notice of

2   filing its Amended Complaint.

3       RESPECTFULLY SUBMITTED this ___8___ day of January, 2013.

4

5

6                           _/s/ Scott H. Zwillinger_
                            Scott H. Zwillinger
7                           GOLDMAN & ZWILLINGER PLLC
                            7047 E. Greenway Parkway, Suite 150
8                           Scottsdale, Arizona 85254
9
                            Luis P. Guerra
10                          David C. Shapiro
                            LUIS P. GUERRA, L.L.C.
11                          6225 N. 24th Street, Suite 125
                            Phoenix, Arizona 85016
12                              Attorneys for Plaintiff
13

14  **ORIGINAL** E-Filed and a
    **COPY HAND-DELIVERED**
15  this _8_ day of January, 2013, to:
16
17  Honorable Maria Del Mar Verdin
    Maricopa County Superior Court
18  Old Courthouse - 3
19  125 West Washington
    Phoenix, AZ 85003-2275
20
21  **COPY** of the foregoing mailed
    this _8_ day of January, 2013, to:
22
23  Michael Wawro, Esq.,
    Office of the City Attorney
24  City of Peoria
25  8401 West Monroe Street, Room 280
    Peoria, Arizona 85345
26  Attorneys for Defendant City of Peoria

27
28  _Pat Mcgleorue_

2

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
Michelle Paigen
1/7/2013 11:43:00 AM
Filing ID 5060698

1  SCOTT H. ZWILLINGER (019645)
2  **GOLDMAN & ZWILLINGER PLLC**
   7047 E. Greenway Parkway, Suite 150
3  Scottsdale, Arizona 85254
4  (480) 624-2783
   (480) 383-6224 (Fax)
5  E-mail: docket@gzlawoffice.com
6  Attorneys for the Plaintiff

7  LUIS P. GUERRA (015768)
8  DAVID C. SHAPIRO (028056)
   **LAW OFFICES OF LUIS P GUERRA LLC**
9  5500 N. 24th Street
   Phoenix, Arizona 85016
10 (602) 381-8400
11 Attorneys for the Plaintiff

12           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

13              IN AND FOR THE COUNTY OF MARICOPA
14

15 DAVID DOMINGUEZ MENDOZA,            ) No. CV2012-004210
   individually and as the natural father and )
16 next friend for and on behalf of his    )
   natural child,                          )
17              a minor,                   ) **NOTICE OF APPEARANCE**
                                           )
18              Plaintiff,                 )
                                           )
19 v.                                      ) (Assigned to the Honorable Maria Del
                                           ) Mar Verdin)
20 CITY OF PEORIA, a municipality, by      )
   and through its Police Department, an   )
21 Agency of the City of Peoria; CITY OF   )
   PEORIA POLICE DEPARTMENT, an            )
22 Agency of the City of Peoria; DOES I    )
   through XX, inclusive; ABC              )
23 PARTNERSHIPS I through XX,              )
   inclusive; and BLACK                    )
24 CORPORATIONS I through XX,              )
   inclusive,                              )
25                                         )
26              Defendants.                )
   ─────────────────────────────────────
27

28

                              1

1        PLEASE TAKE NOTICE that attorney Scott H. Zwillinger appears in the above-
2   captioned action on behalf of Plaintiffs David Dominguez Mendoza and
3   as co-counsel with Luis Guerra, Esq. and David Shapiro, Esq., with the following contact
4   information.

5

6                   Scott H. Zwillinger
             Goldman & Zwillinger PLLC
7          7047 E. Greenway Parkway, Suite 150
           Scottsdale, Arizona 85254
8                (480) 624-2783
9              (480) 383-6224 (Fax)
       Email: docket@gzlawoffice.com
10

11

12         RESPECTFULLY SUBMITTED this 7th day of January, 2013.

13                **GOLDMAN & ZWILLINGER PLLC**

14

15

16             By:  /s/ Scott Zwillinger
              Scott H. Zwillinger
17                 7047 E. Greenway Parkway, Suite 150
18                 Scottsdale, Arizona 85254
              Attorneys for Plaintiff
19

20

21
22   **ORIGINAL** E-Filed and a
**COPY HAND-DELIVERED**
23   via Turbo Court this 7th day
of January, 2013, to:
24

25   Honorable Maria Del Mar Verdin
Maricopa County Superior Court
26   Old Courthouse - 3
27   125 West Washington
Phoenix, AZ 85003-2275
28

1

**COPY** of the foregoing mailed
this 7th day of January, 2013, to:

2

3   Michael Wawro, Esq.,
Office of the City Attorney

4   City of Peoria

5   8401 West Monroe Street, Room 280
Peoria, Arizona  85345

6   Attorneys for Defendant City of Peoria

7

8

9   /s/CMS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3