**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Dominguez Mendoza, individually, | No. CV-13-258-PHX-NVW |
| Plaintiff, | **MEDICAL EVALUATION ORDER** |
| vs. | |
| City of Peoria, a municipality, by and through its Police Department, an Agency of the City of Peoria; et al., | |
| Defendants. | |

On October 16, 2013, Defendants filed an Expedited Motion for Independent Medical Examination ("IME") of Plaintiff. (Doc. 77) Pursuant to Rule 35(a), Federal Rules of Civil Procedure, Defendants request an order that Plaintiff David Mendoza, an inmate imprisoned in the Arizona Department of Corrections ("ADOC"), be transported to the United States courthouse in Phoenix, so he may be examined by Defendants' IME physician, Damon Adamany, M.D., at the United States Marshals Service's ("USMS") lock-up on the second floor of the Sandra Day O'Connor U.S. Courthouse in Phoenix. This Magistrate Judge recently granted Plaintiff's Motion to Conduct Medical Examination by Treating Physician, an issue within the scope of the District Judge's referral, allowing Plaintiff's treating hand surgeon to examine Plaintiff at the Phoenix federal courthouse. (Docs. 55, 61, 63) Plaintiff's counsel has e-mailed the undersigned's chambers that Plaintiff does not object to Defendants' request to conduct an IME of Plaintiff.

Defendants having demonstrated that Plaintiff has placed his injuries and related

claims in controversy and good cause existing, the Court will grant Defendants' Motion.

**I. Background**

Because the parties are very familiar with the facts and claims alleged in this Section 1983 action, this Magistrate Judge will not repeat the background information set forth in his September 23, 2013 Order, except as necessary to address the subject Motion.

Plaintiff sustained a severe and disfiguring avulsive injury to his left forearm during his arrest on February 23, 2011, when a City of Peoria police canine, Havoc, was deployed by his police handler and bit and held onto Plaintiff's arm when, according to Plaintiff, he was peacefully surrendering to the police. (Docs. 7, at 9; 17 at 2-3)  Plaintiff alleges he "suffered extensive and permanent injuries to his dominant hand, catastrophically affecting his ability to make a living and adversely affecting the relationship with his young son, . . . [he] can no longer use his hands to earn a living in the field of construction, a position he held prior to this incident. . . [and his] injuries prohibit his ability to lift up and hold his minor son, . . . much less participate in physical activities such as throwing a ball[.]" (Doc. 17 at 3-4)  While the liability issues in this Section 1983 action are hotly disputed, Defendants also challenge the nature and extent of Plaintiff's injuries and the impact, if any, Plaintiff's injury has had and will have on his future earnings and enjoyment of life.

A September 18, 2013 modification to the case management plan mandates that, *inter alia*, expert depositions be completed by Friday, November 8, 2013; all fact discovery, including all disclosures required under Rule 26(a)(3), be completed by Monday, November 25, 2013; and all dispositive motions and motions challenging expert opinion evidence "[b]e filed no later than Thursday, December 12, 2013, at 5:00 p.m. Arizona time." (Doc. 59 at 1-2)  There is no trial date scheduled at this time. The initial scheduling order made clear "[t]he Deadlines Are Real. The parties are advised that the Court intends to enforce the deadlines set forth in this order, and they should plan their litigation activities accordingly." (Doc. 20, ¶ 11 at 5) (emphasis in original). With the deadline for completing expert witness depositions less than three weeks away, Defendants seek an expedited ruling on their Motion so that Dr. Adamany, a licensed and board-certified orthopedic surgeon with a subspecialty in hand

1  surgery,[1] may examine Plaintiff on Monday, October 28, 2013, at the federal courthouse in
2  Phoenix.

## II. Motion for Independent Medical Examination

Ignoring Defendants' jury arguments related to Plaintiff's injuries and his treating hand surgeon, the Motion requests an order directing ADOC, Plaintiff's current physical custodian, to transport Plaintiff from its prison complex in Marana, Arizona, which is just north of Tucson, to Phoenix so Plaintiff may be examined by Defendants' IME physician and then returned to ADOC that same day. (Doc 77 at 3) For security purposes, the USMS' lock-up on the second floor of the Phoenix federal courthouse is routinely used by psychologists, psychiatrists, and other healthcare specialists to examine non-hospitalized State and federal prisoners or detainees, predominantly for mental competency issues in criminal cases. According to defense counsel, the scope of the examination will be to evaluate Plaintiff's left hand, wrist and arm. (*Id.*)

## III. Independent Medical Examinations

Federal Rule of Civil Procedure 35(a)(1) authorizes the district court where the action is pending to order a party whose mental or physical condition "is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Rule 35 is permissive, not mandatory. A party seeking an order pursuant to Rule 35 must file a motion showing "good cause" before an IME may be authorized with "notice to all parties and the person to be examined[.]" Rule 35(a)(2)(A). An IME order "must specify the time, place, manner, conditions and scope of the examination, as well as the person or persons who will perform it." Rule 35(a)(2)(B). The burden is on the moving party to show that a person's medical condition is in controversy and good cause exists for a mental or physical examination. *Nava v. City of Shafter*, 2013 WL 5278890, at *1-2 (E.D. Cal. Sept. 18, 2013) (citing *Schlagenhauf v. Holder*, 379 U.S. 104 (1964)). "A plaintiff's physical condition is

---

[1] *See* www.azmd.gov/doctor/search/AdamanyDamon (last viewed on October 18, 2013); www.certificationmatters.org/is-your-doctor-board-certified/search/AdamanyDamon (last viewed on October 18, 2013).

- 3 -

1  'in controversy' when the condition is a subject of the litigation." *Id.* (citing *Haqq v.*
2  *Stanford Hospital & Clinics*, 2007 WL 1593224, at *1 (N.D. Cal. June 1, 2007)) (citation
3  omitted). "Good cause" generally requires a showing of specific facts justifying the exam.
4  *Id.* Even if the moving party establishes both prerequisites (mental or physical condition in
5  controversy and good cause), it is still within the sound discretion of the district court
6  whether to order an IME examination. *Storlie v. State Farm Mut. Auto. Ins. Co.*, 2010 WL
7  3488982, at *4 (D. Nev. Aug 31, 2010) (citing *Hardy v. Riser*, 309 F.Supp. 1234, 1241
8  (N.D. Miss. 1970)) ("Even when the 'good cause' and 'in controversy' requirements are met,
9  it is still in the sound discretion of the trial court whether to order the examination"); *Shirsat*
10 *v. Mutual Pharm. Co.*, 169 F.R.D. 68, 70 (E.D. Pa. 1996)).

**IV. Discussion**

By seeking compensation for a severe dog bite resulting in the permanent scarring and injuries that allegedly diminished and will diminish his future earnings and contributed and will contribute to a loss of enjoyment of life, Plaintiff has placed in controversy the nature and extent of his injuries to his left arm, wrist, hand, and fingers. Now, nearly three years later when Plaintiff's injuries are likely stationary, an independent medical examination by a physician whose education, training, and specialty are well-suited to fairly evaluate the claims and injuries alleged by Plaintiff will provide Defendants with current information that is pertinent to Plaintiff's claims and injuries. An examination by Dr. Adamany, a licensed and board-certified orthopedic surgeon with a subspecialty in hand surgery, is warranted for Defendants to obtain an independent and arguably more objective evaluation of Plaintiff's claims and injuries than a treating physician. Granting the requested IME examination may narrow or eliminate the damage issues currently in dispute and, if so, would be consistent with the goals of Rule 1, Fed.R.Civ.P. ("These rules . . . shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."). The twin prerequisites to authorize a Rule 35 examination exist to grant Defendants' request for an IME.

In light of Plaintiff's incarceration until after the anticipated trial of this action;

1 detainee evaluations are frequently performed at the federal courthouse for security reasons 2 and the Court recently authorized an examination of Plaintiff by a treating physician; all 3 costs associated with the IME will be paid by Defendants, and it being in the best interests 4 of the pursuit of truth and justice that the jury in the trial of this action have current 5 information regarding Plaintiff's injury and future limitations, if any, the Motion will be 6 granted.

Based on the foregoing,

**IT IS ORDERED** that Defendants' Expedited Motion to Conduct Independent Medical Examination, doc. 77, is **GRANTED**. Damon Adamany, M.D. is hereby authorized to perform an independent medical examination on Plaintiff David Dominguez Mendoza on **Monday, October 28, 2013 at 2:00 p.m.** at the United States Marshals Service's lock-up on the second floor of the Sandra Day O'Connor U.S. Courthouse, 401 W. Washington Street, Phoenix, Arizona 85003. The scope of Dr. Adamany's examination is limited to Plaintiff's left arm, wrist, hand, and fingers. Defendants' counsel shall provide a copy of this Order to Dr. Adamany. A separate Order Securing Attendance of Prisoner for Medical Exam will be entered.

**IT IS FURTHER ORDERED** that Defendants shall pay all costs associated with Dr. Adamany's evaluation of Plaintiff.

Dated this 21st day of October, 2013.

Lawrence O. Anderson
United States Magistrate Judge